In re Thomas Lynton TROYER, aka Thomas L. Troyer, aka Lynn Troyer, aka Thomas L. Troyer, fdba Commodity Concept, fdba Troyer Realty and Virginia S. Troyer, aka Ginny Troyer, Debtors.

Bankruptcy No. 582–1243.

United States Bankruptcy Court, N.D. Ohio.

Nov. 12, 1982.

---

Charles M. Huston, Paul J. Mellion, Akron, Ohio, for debtors.

Constantine J. Gekas, Chicago, Ill., for Commodity Futures Trading Com'n.

David G. Umbaugh, Hudson, Ohio, for Fink, Koons, Denny and Umbaugh.

Frank Steel, Jr., Akron, Ohio, for Beneficial Mortg. Co.

Joseph Hutchinson, Akron, Ohio, for Bone, Baker, Bohlin, Burdick and Powell.

## FINDING

H.F. WHITE, Bankruptcy Judge.

This case is before the court on several objections to confirmation of the Plan, as well as two Motions to Dismiss or Convert to Chapter 7. The matters came on for hearing on October 28, 1982.

An objection to confirmation and Motion to Dismiss or Convert to Chapter 7 was filed by creditors, William J. Bone, Phillip G. Baker, Roy Bohlin, Robert Burdick, and Donald Powell on September 1, 1982. As grounds for the same, said creditors urge that the Debtor, Thomas L. Troyer, is not eligible for Chapter 13 relief as: (1) he is a commodities broker, and (2) he has unsecured debt in excess of $100,000.

An objection to confirmation was also filed by creditor, Beneficial Mortgage Co., on September 14, 1982. As cause, Beneficial Mortgage Co. states that Debtor's Plan does not provide it with monthly installment payments or adequate protection.

The final objection before the Court at this time was filed by creditors, Herschel Umbaugh, Glendon L. Umbaugh, Carolyn J. Fink, David G. Umbaugh, Diane B. Koons, Sharon S. Denny, and Glendon L. Umbaugh as agent on September 15, 1982. These creditors have also moved this Court to dismiss this case or convert it to Chapter 7.

In support of the objection and motion, the creditors state that: (1) debtor, Thomas L. Troyer, is ineligible for Chapter 13 relief as (a) he is a commodity broker, (b) the Debtor does not have a regular income, and (c) debtor owes in excess of $100,000 in unsecured debts; (2) Debtor has filed for Chapter 13 relief in bad faith and (3) Debtor has shown bad faith by proposing a Plan which may not be confirmed.

## FINDING OF FACTS

1. Debtors, Thomas Lynton Troyer and Virginia S. Troyer, as spouses, filed their joint petition for Relief pursuant to Chapter 13 of the Bankruptcy Code on July 12, 1982. Debtors filed their schedules with the Court on August 10, 1982.

2. Debtor, Thomas Lynton Troyer (hereinafter referred to as Troyer), formerly did business as Commodity Concepts. In that business, said Debtor took money from investors for the purpose of dealing in the commodities market. Troyer was, at no time herein involved, licensed by or registered with the Commodities Futures Trading Commission.

3. In a negotiated plea, approved by Troyer, and filed in Case No. 82–10–1168, *State of Ohio vs. Thomas L. Troyer,* Summit County Common Pleas Court, it is stated that:

> Troyer dealt with about 80 investors. Of these, approximately 60 investors have been intentionally deceived and defrauded. The extent of the investments total approximately $535,000. Approximately $185,000 was returned to investors as dividends. Approximately $85,000 was lost in trading futures and commodities, and the remainder was converted by Troyer for his own personal use. Troyer's investment scheme ended during May, 1982.

The negotiated plea in which these statements appear was also approved by Charles M. Huston, attorney for Troyer.

4. Troyer has pleaded, or has agreed to plead, guilty in the U.S. District Court, Case No. CR 82–168A, Judge Manos, to a one count violation of 7 U.S.C. Section 13b [1]. Troyer has also pleaded, or has agreed to plead guilty in the Summit County Common Pleas Court, Case No. 82–10–1168, to one Count of Theft (O.R.C. Section 2913.-02(A)(3)) and one count of Unlicensed Sale of Securities (O.R.C. Section 1707.44(A)).

5. The Plea Agreements in both the federal case and the state case provide that the prosecution will recommend that Troyer receive jail sentences upon conviction.

6. Troyer is presently unemployed with no prospects of future employment. Due to the likelihood that Troyer will have to serve a jail sentence, Troyer is not likely to be employed for a substantial and unknown period of time.

7. Debtor, Virginia S. Troyer, (hereinafter referred to as "Mrs. Troyer"), is a self-employed piano teacher. She has an approximate take-home pay of $800.00 monthly. Mrs. Troyer was not involved in the commodities scheme which is the major reason for this bankruptcy filing.

8. The Debtors intended to finance the Chapter 13 by the sale of their residence at 2417 Elizabeth Drive, Stow, Ohio, which they jointly own and which has a fair market value of $115,000. There are two secured mortgages on the house totaling $16,-793.00 and there are two disputed secured claims against the house totaling $108,-575.35, which the Debtor alleges are preferential.

## ISSUES

The issues involved in this matter are whether Troyer is eligible for relief as a Chapter 13 Debtor and whether the Plan as filed should be confirmed, dismissed, or converted to a Chapter 7 proceeding.

## LAW

The initial issues before this Court deal with Troyer's eligibility for Chapter 13 re-

---

**1.** 7 U.S.C. Section 13b provides for criminal sanctions for manipulation of the market price of a commodity, other violations of the provisions of Chapter 1 of Title 7 or violations of rules, regulations or orders of the Commodities Futures Trading Commission.

lief. In this regard, creditors argue that Troyer is not an individual with regular income and also that Troyer owes more than $100,000 in noncontingent, liquidated unsecured debts [2].

Eligibility for relief under Chapter 13 of the Bankruptcy Code is set forth in 11 U.S.C. Section 109(e). That Section provides that:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent liquidated, secured debts of less than $350,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 may be a debtor under chapter 13 of this title.

■ The term "individual with regular income" is defined at 11 U.S.C. Section 101(24) as meaning an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under Chapter 13 of this title, other than a stock broker or a commodity broker..." This determination as to whether a debtor filing under Chapter 13 is an "individual with regular income" is not limited to the date that the petition was filed but may also be a prospective determination. *In Re Mozer*, 1 B.R. 350, 5 B.C.D. 1029 (Bkrtcy.D.Co.1979).

■ In the instant case, Troyer is presently unemployed and has no prospects of employment. He has no present income from any source. Moreover, it is likely that he will receive jail sentences on the violations of state and federal law to which he has agreed to plead guilty. When he would be released from jail is a matter of complete speculation at this time. As such, whether this Court looks solely to the date of the filing of the petition or looks into the future, Troyer is not an individual with income sufficiently stable and regular to make Chapter 13 payments.

This Court also finds that Troyer is ineligible for Chapter 13 relief due to the fact that he has in excess of $100,000 in noncontingent, liquidated, unsecured debts against him. At the hearing and in his Brief, Troyer states that the debts based on Troyer's investment scheme are unliquidated. It is urged by said Debtor that the investment of money in the commodities market is a high-risk investment. As such, it is argued, there is substantial dispute regarding the amount of the various creditors' claims as well as Troyer's liability to said creditors. If shown to be unliquidated, the debts would not be included in the computation of debts for purposes of determining eligibility for Chapter 13 relief. See 11 U.S.C. Section 109(3).

Troyer has admitted, however, that he converted at least $265,000 in funds invested with him. In the negotiated plea in the Summit County Court of Common Pleas Troyer admits receiving the approximate sum of $535,000 from his investors, of which sum Troyer returned to his investors the amount of $185,000 as dividends. Eighty-Five Thousand Dollars was lost in the futures market. The remainder, or the approximate sum of $265,000, is admitted to have been converted by Troyer for his own past use.

■ As Troyer has admitted the conversion of $265,000 of his investors' money, it cannot be said that the claims of his investors are contingent or unliquidated to the extent of $265,000. That Troyer may have defenses or counterclaims regarding the claims of his investors would not affect the liquidated character of the claims. *In Re Sylvester*, 19 B.R. 671, 8 B.C.D. 1306 (9th Cir.Bkrtcy.App.Panel 1982). As Troyer has admitted having unsecured liquidated, noncontingent claims substantially in excess of

2. Due to its ruling on the other issues presented, the Court will not determine whether debtor, Thomas L. Troyer, is a commodity broker as that term is defined in the Bankruptcy Code so as to be ineligible for Chapter 13 relief.

$100,000 against him, he is not eligible for Chapter 13 relief pursuant to 11 U.S.C. Section 109(e).

. The moving creditors further contend that the Plan may not be confirmed as it was not proposed in good faith. 11 U.S.C. Section 1325(a)(3). The issue of good faith is one that has arisen frequently since the Bankruptcy Code went into effect in October, 1979. This Court itself addressed the issue early on in a case involving a 5 percent Plan and unsecured debt arising out of an embezzlement by the Debtor. *In Re Keckler,* 3 B.R. 155, 6 B.C.D. 14 (Bkrtcy.N. D.Ohio 1980).

The meaning of the term "good faith" was recently discussed by the Sixth Circuit Court of Appeals in *Memphis Bank & Trust Co. v. Whitman,* 692 F.2d 427, (C.A. 6th, 1982). In that case, it is stated that:

> The 'good faith' requirement is neither defined in the Bankruptcy Code nor discussed in the legislative history. The phrase should, therefore, be interpreted in light of the structure and general purpose of Chapter 13. Obviously the liberal provisions of the new Chapter 13 are subject to abuse, and courts must look closely at the debtor's conduct before confirming a plan. We should not allow a debtor to obtain money, services or products from a seller by larceny, fraud or other forms of dishonesty and then keep his gain by filing a Chapter 13 petition within a few days of the wrong. To allow the debtor to profit from his own wrong in this way through the Chapter 13 process runs the risk of turning otherwise honest consumers and shopkeepers into knaves. The view that the Bankruptcy Court should not consider the debtor's pre-plan conduct in incurring the debt appears to give too narrow an interpretation to the good faith requirement. *See e.g., Matter of Kull,* 12 B.R. 654, 659 (S.D.Ga.1981) (among the facts a court should consider to determine whether a debtor has acted in good faith are 'the circumstances under which the debtor contracted his debts and his demonstrated bona fides, or lack of same in dealing with his creditors').

In the instant case, it has been admitted that a substantial portion of the debt arose from the conversion by Troyer of monies which had been placed with him for investment. Troyer has admitted intentionally deceiving and defrauding no less than 60 of his 80 investors. Troyer's actions led to criminal charges on both the federal and state levels to which he has agreed to plead guilty.

Unlike the debt in *Memphis Bank,* the commodities' claims against Troyer were not all incurred by Troyer shortly prior to the filing of the bankruptcy petition. The filing of the bankruptcy petition did, however, shortly follow discovery of the commodities' scheme by authorities.

Confirmation of Troyer's plan would allow him to profit from his own wrong. Troyer admitted that one of the primary purposes of filing a Chapter 13 was to secure a discharge of these debts under 11 U.S.C. 1328(a), as these debts would not be discharged in a liquidation under Chapter 7. Through a nominal, if. any, payment to his unsecured creditors, including the commodities' investors, Troyer would be able to discharge debt which he has admitted was incurred through intentional deceptions, fraud, and conversion. Such a discharge runs contrary to one of the primary purposes of the bankruptcy laws which is to provide a fresh start to the *honest* debtor. *Local Loan Co. v. Hunt,* 292 U.S. 234 (1934) at 244, 54 S.Ct. 695 at 699, 78 L.Ed. 1230.

■ Examination of Troyer's pre-plan conduct and his admissions to this Court shows that the plan could not have been filed in good faith. As such, the Plan may not be confirmed. 11 U.S.C. Section 1325(a)(3).

The final objection to confirmation is raised by Beneficial Mortgage Co. Beneficial argues that the Plan fails to provide for monthly payments on its claim or provide it with adequate protection.

11 U.S.C. Section 1322(b) provides that a Chapter 13 plan may "(2) modify the rights of holders of secured claims other than a

claim secured only by a security interest in real property that is the debtor's principal residence..." Beneficial's claim is secured by a second mortgage on the Debtors' real property which is presently being used as their principal residence. The installment loan contract between Debtors and Beneficial provides for monthly payments of $205.00 commencing July 2, 1980 and ending June 2, 1985.

Troyer's Plan provides for the payment of Beneficial's claim in one lump sum upon the sale of the residence. The Plan does not require Troyer to continue making payments in accordance with the contract.

■ A Chapter 13 Plan is not to be confirmed unless it complies with the provisions of 11 U.S.C. Section 1325(a)(1). By proposing a Plan which does not require monthly payments to Beneficial, Troyer is modifying the rights of a mortgage holder in violation of 11 U.S.C. Section 1322(b)(2). Accordingly, the Plan does not comply with the provisions of Chapter 13 and, as such, may not be confirmed.

## CONCLUSION

In sustaining the objections and motions before this Court, this Court does not find that Debtor, Virginia S. Troyer, is ineligible for relief. Mrs. Troyer has a regular income. Her debts do not exceed the monetary jurisdictional limitations on Chapter 13. Mrs. Troyer was not involved in the commodities scheme and there is no evidence that she filed the Chapter 13 proceeding in bad faith. This conclusion is intended to be limited solely to the Debtor, Virginia S. Troyer.

Therefore, it is the conclusion of this Court that the Debtor, Thomas L. Troyer, is ineligible for Chapter 13 relief and further the Plan as filed cannot be confirmed as it does not comply with the provisions of 11 U.S.C. 1325. Debtor, Thomas L. Troyer, is hereby given 10 days from the entry of this order to voluntarily convert his Chapter 13 proceeding to a Chapter 7 proceeding or the Court will dismiss the Chapter 13 proceeding, as legal action has been taken by the Commodity Futures Trading Commission in

Civil Action No. 82 C 1931A in the Federal District Court and John Horrigan has been appointed equity receiver. There appears at this time to be no assets available for administration by this Court.

It is the further conclusion of this Court that Virginia S. Troyer should be given 15 days from the entry of this Order to submit an amended schedule to reflect the creditors to whom she is personally indebted and to file an Amended Plan, as these estates should be administered as separate cases as provided for under 11 U.S.C. 302.