In the Matter of James D. WALL and Sandra P. Wall, Debtors.

Bankruptcy No. 84–47.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 13, 1985.

**614**

Shirley C. Arcuri, Tampa, Fla., for debtors.

Chris C. Larimore, Bradenton, Fla., Trustee.

Harley E. Riedel, Tampa, Fla., for Arthur R. Macias, creditor.

## ORDER ON CONFIRMATION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 13 case which was commenced on January 9, 1984 by James D. Wall and Sandra P. Wall. The immediate matter under consideration is the confirmation of the Debtors' Second Amended Chapter 13 Plan and an Objection to Confirmation filed by Arthur R. Macias (Macias), a judgment creditor. The primary objection advanced by the Creditor, Macias, is that the Plan was not proposed in good faith.

The procedural history of the case reveals that the case was filed on January 9, 1984. On January 25, 1984, the Debtors filed a Motion to extend the time to file a plan due to the fact that the Debtors were unemployed because their previous employer (a corporation controlled by the Debtors) filed a Chapter 7 concurrent with the filing of the Debtor's Chapter 13. The Court granted the Debtors an additional 45 days to file a Plan and Budget Statement. On February 16, 1984, Macias filed a Motion to Dismiss the case on the grounds that the Debtors are not individuals with regular income, thus not eligible for relief by virtue of § 109(e) of the Code. On March 16,

1984, the Debtors filed their Plan and the confirmation hearing was scheduled for May 3, 1984. Based on this, this Court entered an Order and deferred ruling on Macias' Motion to Dismiss until the hearing on confirmation.

On May 2, 1984, Macias filed an Objection to Confirmation based on the contentions that the Plan does not yield more to creditors than they would receive in a Chapter 7 case; that the Plan was not proposed in good faith; and, that the Plan prepared by the Debtor is not feasible. At the May 3rd confirmation hearing, the Court announced that an evidentiary hearing is necessary to consider confirmation of the plan or in the alternative, dismissal. The hearing was scheduled for June 19, 1984, but on May 3, 1984, the Debtors filed an amended Chapter 13 Plan.

Having considered the matter, on August 16, 1984, this Court entered an order denying confirmation, but granted the Debtor's request to file an amended plan within 30 days. On September 6, 1984, the Debtors filed an amended plan. The confirmation hearing was rescheduled for October 22, 1984. Macias restated his objection and the debtor in an attempt to meet the objection, submitted a Second Amended Plan on November 5, 1985. The Second Amended Plan and Objection were rescheduled again to be heard.

As noted earlier, the principal objection to confirmation interposed by Macias was, at all times, that the Chapter 13 Plan was not filed in good faith. The Court heard argument of counsel, testimony of witnesses, considered the record in its entirety and now finds as follows:

In late 1981, Macias, a stockholder in Technical Design Engineering, Inc. filed a civil action for damages against James D. Wall, Sandra Wall and Technical Design Engineering, Inc. in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida. The matter was scheduled for trial and on September 27, 1983, a Final Judgment was entered by the Court in favor of Macias. The Judgment was based on the finding that the Debtor

breached a fiduciary duty owed by him to both Technical Design and to Macias.

On September 14, 1983, prior to the entry of the final judgment, the Debtors sold two cars, which they owned free and clear of liens, for the sum of $10,000. The Debtors also transferred another car to their daughter. Although it is contended by the Debtors that the daughter was, at all times, the true owner of the vehicle, it is without dispute that the automobile was listed in the name of the Debtors. On September 16, 1983, the Debtor cashed in their Individual Retirement Account (IRA) and received approximately $35,000 to $45,000. With the proceeds from the IRA, the Debtors paid approximately $30,000 to the Internal Revenue Service in anticipation of a possible tax liability.

It appears that the Debtors used the proceeds from the sale of the automobiles and the remainder of the IRA, that is, the sum not paid to the IRS, to pay for substantial home improvements. For example, on or about September 16, 1983, the Debtors installed a swimming pool at an approximate cost of $20,000. James Wall testified that the pool was installed for health reasons inasmuch as his 19-year old son is afflicted with hemophilia, and benefits from the availability of a swimming facility.

The record further reveals that the Debtors paid their credit card balances in full prior to filing their Chapter 13 case. The Schedules filed in the case reveal that the Debtors listed five unsecured creditors which are Technical Design Engineering, Inc. in the amount of $38,000 (disputed); Arthur R. Macias, in the amount of $7,000 (disputed); Addington Bookkeeping Service (amount unknown); Tedder and Grimsley (amount unlisted and disputed); and Stephen C. Watson, Esq. (amount unknown). It should be noted that the amounts owed to Technical Design and Macias are the result of the September 27 state court judgment. None of the other stated unsecured creditors filed a Proof of Claim in this case.

Finally, it should be noted that prior to filing their Petition, the Debtors were both employed by Technical Design Engineering, Inc. On January 9, 1984, the date on which the Debtors filed their Chapter 13, James Wall, as President of Technical Design, filed a Chapter 7 Petition for Relief on behalf of Technical Design. Mr. Wall is now self employed under the name of Industrial Design Services.

Based on these facts, Macias contends that the Chapter 13 Plan was not filed in good faith and, therefore, confirmation of the Amended Plan submitted by the Debtors should be denied. In support of this proposition, Macias relies on a series of cases in which some of the debts sought to be discharged were based on wrongful conduct of the Debtor. In the case of *In re Troyer*, 24 B.R. 727 (Bankr.N.D.Ohio 1982), the Court declined to confirm the Debtor's Chapter 13 Plan. One of the reasons for the Court's decision was that confirmation of the Debtors' Plan would allow him to profit from his own wrong, that is, the conversion of monies which were placed with him for investment. The Court noted

"... Obviously the liberal provisions of the new Chapter 13 are subject to abuse, and courts must look closely at the debtor's conduct before confirming a plan. We should not allow a debtor to obtain money, services or products from a seller by larceny, fraud or other forms of dishonesty and then keep his gain by filing a Chapter 13 petition within a few days of the wrong ..."

*In re Troyer*, 24 B.R. at 731 *citing Memphis Bank & Trust Co. v. Whitman*, 692 F.2d 427 (6th Cir.1982).

The United States Bankruptcy Court in Kansas denied confirmation of a debtor's Chapter 13 Plan which proposed to pay ten percent of two debts which were scheduled in a prior Chapter VII case filed under the Act of 1898, in which case the debtor was denied a discharge under § 14(c)(7) of the Bankruptcy Act. The Court having considered the totality of the circumstances and determined "... that the debtor's primary and overriding purpose is to manipu-

late Chapter 13 as a device to escape nearly all of his liability of more than $70,000 of non-dischargeable debts that are tainted with his fraudulent conduct." *In re Sanders,* 28 B.R. 917, 922 (Bankr.Kan.1983).

 Increasingly, Courts have recognized that the Chapter 13 "good faith" requirement goes beyond technical compliance with statutory obligations and contemplates a "broad judicial inquiry into the conduct and state of mind of the debtor in proposing a plan." *In re Yavarkovsky,* 23 B.R. 756 (S.D.N.Y.1982). The fact that certain events occur pre-petition does not render them meaningless or irrelevant to the issue of good faith in proposing a plan. *Yavarkovsky, supra* at 759.

The burden of proof to establish that a Plan is proposed in good faith is squarely on the Debtor. This burden is especially heavy if a debtor seeks to obtain the benefits of a "superdischarge" available in Chapter 13 and some or most of the debts sought to be discharged are creations of fraud or otherwise wrongful conduct. While it is clear that a Debtor in this situation is not absolutely precluded from obtaining confirmation, the Plan must clearly represent his very best efforts. Anything less will simply not suffice. Thus, a Plan which provides a token payment to creditors who were wronged by the Debtor is a Plan deemed to be filed in bad faith and cannot be confirmed under § 1325 of the Code.

Applying the foregoing to the facts at bar, the Court is satisfied that the Debtors have failed to meet their burden. In anticipation of an adverse state court judgment involving a breach of a fiduciary duty, this Debtor re-adjusted their assets to remove them from the reach of creditors and later filed their Petition under Chapter 13. Their Petition appears to be merely a vehicle to defeat the claims of a judgment creditor. Based on this record, the Court is satisfied that the Chapter 13 Plan was not proposed in good faith and cannot be confirmed. Thus, the Objection to Confirmation shall be sustained and the case shall be scheduled for hearing to consider dismissal or conversion. Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Objection to Confirmation filed by Arthur R. Macias be, and the same hereby is, sustained. It is further

ORDERED, ADJUDGED AND DE-CREED that confirmation of the Chapter 13 Plan proposed by James D. and Sandra P. Wall is denied. It is further

ORDERED, ADJUDGED AND DE-CREED that a hearing to consider dismissal or conversion of this Chapter 13 case shall be heard before the undersigned on September 18, 1985 at 2:30 p.m.