In re Richard Earl EDWARDS, Debtor.

Margaret McCARTHY, Plaintiff,

v.

Richard Earl EDWARDS, Defendant.

Henry S. NOBLE, Trustee, Plaintiff,

v.

Judith A. EDWARDS, Defendant.

Margaret McCARTHY, Plaintiff,

v.

Richard Earl EDWARDS, Defendant.

Bankruptcy No. 84–AX–1705.
Adv. Nos. 85–0060A, 85–0061A
and 85–0077A.

United States Bankruptcy Court,
D. Maryland,
at Rockville.

Jan. 9, 1986.

Henry Noble, Gaithersburg, Md., Trustee.

Robert Blackford, Gaithersburg, Md., counsel for debtor, Richard Earl Edwards.

Arthur Kahn, Washington, D.C., for Margaret McCarthy, Personal Representative of the Estate of Gisela Edwards.

Brian Barkley, Rockville, Md., for Judith A. Edwards.

## MEMORANDUM OF DECISION

PAUL MANNES, Bankruptcy Judge.

This case came before the court for trial upon three separate complaints, all dealing with the same action on the part of debtor, Richard Earl Edwards ("debtor"), and his present spouse, Judith A. Edwards ("current spouse"). Margaret McCarthy, Personal Representative of the Estate of Gisela Edwards, a former spouse of the debtor ("the Estate" or "former spouse"), objects to the debtor's discharge and also seeks a determination that the debtor's debt to the Estate should be nondischargeable under 11 U.S.C. § 523(a)(5). Henry Scofield Noble, trustee, seeks an order of this court avoiding two transfers made by the debtor one year prior to the filing of his Chapter 7 case on November 19, 1984. The first item sought to be set aside is a transfer on April 23, 1984, to the debtor and to his current spouse of property known as 1916 Lewis Avenue, Rockville, Maryland, to be held by them as tenants by the entirety. The second transfer sought to be set aside is the transfer of a title of a 1978 Ford automobile from the sole name of the debtor to him and his current spouse as tenants by the entirety.

At the outset, the court finds that the Estate is not entitled to relief under § 523(a)(5), which provides:

§ 523 *Exceptions to discharge.*

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\*　　\*　　\*　　\*　　\*　　\*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record or property settlement agreement ...

In view of the limitation of the dischargeability provisions to a debtor's spouse, former spouse, or child, it follows from a reading of the statute that because the debtor filed this case after the death of his former spouse, the dischargeability claim did not survive. The long and short of this provision is that if a debtor can keep a creditor-spouse at bay until the latter's death, then the nondischargeable nature of the debt fades away. Some measure of the efforts to which the debtor went to avoid

payment to his former spouse may be gleaned by reading the orders of the Honorable John J. Mitchell, Judge of the Circuit Court for Montgomery County, Maryland, compiled in plaintiff McCarthy's Exhibit # 3. (On March 3, 1981, the debtor was found to be in contempt and again on June 11, 1982; the order of Judge Mitchell of September 21, 1984, reduced a monetary award to judgment.)

The defendants, Richard E. Edwards and Judith A. Edwards, earnestly urge that no fraudulent intent should be inferred on their part with regard to how these transfers took place. They urge that Judith Edwards advanced $9,000 to her husband on or about July 23, 1983, in order to pay off Mr. Edward's attorney in his divorce action, a Mr. Richard Floyd. Mr. Floyd held a mortgage on the subject property that secured the attorney's fees owed to him. Faced with foreclosure, Mr. Edwards sold a one-half interest to his bride, Judith Edwards, whom he had married on April 22, 1983, for the sum of $9,000 and took the proceeds to pay off Mr. Floyd. One year after the alleged $9,000 transaction, a deed was recorded among the land records of Montgomery County whereby the property was conveyed by Richard Edwards to Richard E. and Judith A. Edwards as tenants by the entirety. That deed very carefully stated that the transfer was for no consideration. Therefore, Judith A. Edwards is placed in the position of having perjured herself either in court when she stated that there was $9,000 consideration for the transfer or at the time of the recording of the deed when she said there was no consideration. The debtor's schedules do not reflect this transaction and are of little help. The court does not believe the testimony of Judith Edwards that she was instructed by the Recording Clerk not to put down any consideration for the transfer between her husband and herself.

The bankruptcy petition was filed by Richard Edwards for one purpose and one purpose only, to defeat the claim of the Estate of his former spouse. The position of Manufacturers Hanover, the secured creditor holding the mortgage on the property at 1916 Lewis Avenue, remains fully secured, as does that of Citizens Mortgage Company, the holder of a mortgage secured by the present residence of the debtor and his current spouse. The only other creditors described in the filing are said to be Frances J. Lee and Robert E. Lee, the parents of Judith Edwards who loaned $10,000 to Richard Edwards to enable him to complete the buyout of Mr. Floyd. These creditors have not been affected by this filing.

An objection to discharge may rest upon a transfer of real estate within one year of bankruptcy with the intent to defraud creditors. 11 U.S.C. § 727(a)(2)(A) provides:

§ 727 *Discharge*

(a) The court shall grant the debtor a discharge unless—

\* \* \* \* \* \*

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition.

■ If there was ever a case where the debtor filed to hinder, delay, or defraud a creditor, this is the case. This is a single-creditor case filed by someone who did not have to go into Chapter 7 but could have just as easily gone into Chapter 13 with a debt repayment program. Indeed, the fact of not having any other creditors indicates someone who managed his career very reasonably and owed no one any money. Even if the transaction with Judith Edwards had been bona fide, the purpose of that was to put the property in a condition of greater value to her by removing the difficulty with the Floyd lien. In so doing, the debtor accomplished two purposes. First, he removed the claim of Mr. Floyd from his situation. Second, he completed the task that he began in the lifetime of his

former spouse of denying the Estate access to any equity that he had in the Lewis Avenue property by conveying it to his current spouse and himself to be held in an exempt form as tenants by the entirety.

The court finds extrinsic evidence demonstrating that the debtor's transfer was to defraud his creditor and there could be no other legitimate purpose for it, particularly where the transfer was concealed on the schedules. This is the situation described by the United States Court of Appeals for the Fourth Circuit in *Ford v. Poston*, 773 F.2d 52 (4th Cir.1985). The conversion of nonexempt property to exempt property by conveying property to a tenant by the entirety represents the actual intent to defraud the only creditor in this game.

■ With respect to the trustee's action, 11 U.S.C. § 548(a)(1) and (2) govern the situation:

§ 548 *Fraudulent transfers and obligations.*

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation.

The same proof which was sufficient to deny debtor's discharge fulfills the trustee's burden under § 548(a)(1). Furthermore, the trustee also succeeds under § 548(a)(2) because the debtor conveyed property out of sole ownership in which he had equity of approximately $20,000 and received only $9,000 for it. It is not enough for debtor to say that he retained a one-half interest in the property as a tenant by the entirety. That is not true. The property was no longer within his sole control and possession to convey and for that reason it is clear that he received less than a reasonably equivalent value. Under either § 548(a)(1) or (a)(2) the trustee must succeed.

■ Likewise, in January or February, 1984, the debtor transferred his automobile, a 1978 Ford Thunderbird, to his current spouse and him as tenants by the entirety. This transfer was without consideration and never disclosed on debtor's schedules. Debtor urges that the transfer was made to lower the liability insurance payment. Had debtor disclosed the transfer or modified his schedules, the court would consider this argument in a better light. What was said in *In re Porter*, 37 B.R. 56, 60–61 (BC E.D.Va.1984), is just as applicable here:

This Court has held previously that when a debtor transfers real property from himself to his wife and himself as tenants by the entirety, it is a fraudulent conveyance avoidable under § 548(a)(1). *In re White*, 28 B.R. 240 (Bkrtcy.D.N.J. 1981).

A similar result was obtained in *In re Loeber*, 12 B.R. 669 (Bkrtcy.D.N.J.1981). There, like in *In re White*, the bankruptcy court held that the debtor's transfer of real property titled in himself to his wife and himself as tenants by the entirety constituted actual fraud pursuant to 11 U.S.C. § 548(a)(1). This Court's decision herein and this Court's decision in *In re White* is bolstered further by case law holding that where a transfer is between related parties, the transfer is subject to close scrutiny and gives rise to a presumption of actual fraudulent intent where the transfer is without adequate consideration. *See, e.g., In re Loeber*, 12 B.R. at 675. This presumption establishes the trustee's *prima facie* case and shifts the burden of proof to establish the absence of fraudulent intent to the debtor. *Id.* Here, neither the debtor nor his wife has offered sufficient testimony to defeat the presumption of actual, fraudulent intent created because the transfer

was between related parties and as discussed later, was without adequate consideration. Therefore, this Court holds that the transfer from the debtor to his wife and himself as tenants by the entirety is avoidable pursuant to 11 U.S.C. § 548 (a)(1).

*In re Porter*, 37 B.R. 56, 60–61 (BC E.D. Va.1984). The court finds that the defendant has not adequately explained this transfer. The insurance concern was without documentary support. The court finds the motive for the transfer was the removal of the debtor's automobile from the reach of the Gisela Edwards Estate.

For the foregoing reasons, the court finds as a matter of fact that the debtor conveyed his fee simple interest in the 1916 Lewis Avenue property in Rockville to himself and his current spouse as tenants by the entirety for the purpose of avoiding payment to the single creditor that was the target of this bankruptcy proceeding. Bankruptcy is a shield and not a sword. It was not the intent of Congress in enacting the Bankruptcy Code of 1978 and the 1984 Amendments to create a process by which one could shed himself of the claims of creditors without performing the duties of the honest debtor.

There is one other element that the court will discuss in passing and that is the attempt by debtor to readjust his assets prior to bankruptcy in order to remove them from the reach of creditors. The readjustment is not unlike that set forth in the case of *In re Wall*, 13 BCD 625, 628, 52 B.R. 613 (BC M.D.Fla.1985). There, the bankruptcy court pointed out that a bankruptcy petition must be something more than a vehicle to defeat the claims of a judgment creditor.

Orders will be entered in accordance with the foregoing, denying the debtor's discharge and avoiding the transfer of the Lewis Avenue property and debtor's Thunderbird automobile.

## ORDER AVOIDING TRANSFERS

Having held a hearing on the complaint of the trustee to avoid the transfer by the debtor of certain real property and an automobile, having taken testimony and heard arguments of the parties, and having entered its Memorandum of Decision herein, it is, this 9th day of January, 1986, by the United States Bankruptcy Court for the District of Maryland,

ORDERED That, pursuant to 11 U.S.C. § 548, the Deed dated April 23, 1984, recorded among the land records of Montgomery County, Maryland, Liber 5379, folio 351, transferring property known as Lot 19, Block H, 1916 Lewis Avenue, Rockville, Maryland, from the sole ownership of Richard E. Edwards to Richard E. and Judith A. Edwards as tenants by the entirety, is hereby declared void; and it is further

ORDERED That the conveyance of a 1978 Ford Thunderbird automobile by Richard E. Edwards to Richard E. and Judith A. Edwards is declared a nullity.