**In re George Kent NORMAN a/k/a Kent Norman, Debtor.**

**Bankruptcy No. 92–11670–8P3.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 27, 1993.

582

Frederick F. Rudzik, St. Petersburg, FL, for debtor.

Terry E. Smith, Bradenton, FL, Trustee.

## ORDER ON CONFIRMATION

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 13 case and the matter under consideration is the confirmation of the proposed Chapter 13 plan, filed by George Kent Norman (Debtor). The United States of America (Government) has objected to the confirmation on the grounds that the Plan has not been filed in good faith. The facts as appear from the record and relevant to resolution of this matter are as follows:

The Debtor filed his Petition for Relief under Chapter 13 of the Bankruptcy Code on September 1, 1992. Just prior to the filing of his Petition, the Debtor filed with the Government his tax returns for the tax years 1989 and 1990, all of which were past due, the taxes owed and still unpaid. However, the Debtor did not file his tax returns for tax years 1986, 1987, and 1988 until November 9, 1992.

On September 28, 1992, the Debtor filed his Chapter 13 Plan, in which he proposed a repayment of all allowed claims in 36 months, including full payment of the priority tax claim of the Government and 21 per cent payment to the general unsecured claims which were filed and allowed. The only unsecured claims filed in this case are one filed by the Government in the amount of $86,447.02 and one filed by the Department of Education, representing a student loan, in the amount of $491.85.

Based upon these facts, the Government contends that the Plan is not proposed in good faith as required by § 1325(a)(3) of the Bankruptcy Code, and, therefore, it cannot be confirmed. This proposition is based on the fact that the Debtor delayed the filing of tax returns for tax years 1986, 1987 and 1988 in order to render the taxes due for these years dischargeable as nonpriority unsecured claims. If a timely return had been filed in the Chapter 7 case, by virtue of § 523(a)(1)(B)(i), these tax claims would have been nondischargeable and entitled to priority pursuant to § 507(a)(7).

The Section which governs confirmation of a Chapter 13 Plan is § 1325, which provides in pertinent part, as follows:

§ 1325. Confirmation of Plan

a) Except as provided in subsection (b), the Court shall confirm a plan if—

(3) the plan has been proposed in good faith and not by any means forbidden by law;

The Chapter 13 good faith requirement goes beyond technical compliance with statutory

obligations and contemplates a "broad judicial inquiry into the conduct and state of mind of the debtor in proposing a plan." *In re Yavarkovsky,* 23 B.R. 756 (S.D.N.Y.1982); *In re Kitchens,* 702 F.2d 885 (11th Cir.1983). The burden of proof to establish that a Plan is proposed in good faith is squarely on the Debtor. This burden is especially heavy if a debtor seeks to obtain the benefits of a "superdischarge" available in Chapter 13. *Yavarkovsky, supra.* Obviously the liberal provisions of Chapter 13 are subject to abuse, and the courts must look closely at the debtor's conduct before confirming a plan. A debtor should not be allowed to obtain money, services or products from a seller by larceny, fraud or other forms of dishonesty, and then keep his gain by filing a Chapter 13 petition within a few days of the wrong. *In re Troyer,* 24 B.R. 727, 731 (Bankr.N.D.Ohio 1982), *citing Memphis Bank & Trust Co. v. Whitman,* 692 F.2d 427 (6th Cir.1982). Where the debtor's primary and overriding purpose is to manipulate Chapter 13 as a device to escape nearly all of his liability, i.e., the large majority of nondischargeable debts are tainted with fraudulent conduct, the Chapter 13 plan should not be confirmed. *In re Sanders,* 28 B.R. 917 (Bankr.D.Kan.1983).

Admittedly there is no evidence in this record to show fraudulent conduct. *Cf., Troyer; Sanders, supra.* However, there is hardly any doubt that this Debtor did indeed manipulate the Code in order to escape the full liability for unpaid taxes by seeking refuge in the super-discharge provision of Chapter 13, § 1328, while offering a pittance to his only meaningful creditor, the Government. The Debtor's manipulation of the Bankruptcy Code is further compounded by the short duration of the Plan, which proposed to pay over 36 months, rather than 60 months, which is permitted by § 1322(c) and which would provide the Government a significantly greater dividend on its claim. Based upon the foregoing, this Court is satisfied that the Debtor has failed to meet his burden of proof, and that the Chapter 13 Plan was not proposed in good faith. Thus, the Objection to Confirmation shall be sustained, and confirmation denied.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Objection to Confirmation filed by the United States of America, is hereby sustained. Confirmation of the Chapter 13 Plan is hereby denied, and the case dismissed unless the Debtor converts the case within ten days from the entry of this Order.

DONE AND ORDERED.