**In re Robert H. SCOTT and Hope Scott, Debtors.**

**Bankruptcy No. 93–08378–8P3.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 5, 1994.

Stephen R. Williams, New Port Richey, FL, for debtors.

Terry E. Smith, Bradenton, FL, Trustee.

Michael P. Horan, Tampa, FL, for movant.

**ORDER DENYING MOTION TO DISMISS**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 13 case and the matter under consideration is a Motion to Dismiss the case of Robert and Hope Scott (Debtors). The challenge to relief under this Chapter is interposed by Peter Zaremba (Zaremba) who contends that the Debtors filed their Petition for Relief in bad faith and, therefore, their Chapter 13 case should be dismissed. In the alternative Zaremba seeks relief from the automatic stay ostensibly for the purpose of proceeding in a non-bankruptcy forum to assert some claim against these Debtors.

**460**

The facts relevant to the resolution of the Motions as appear from the record are essentially as follows:

Zaremba filed a suit against the Debtors and sought the rescission of a certain contract for purchase based on the allegation that he was fraudulently induced to purchase the Debtors' single family home. The case was tried by a jury and on May 2, 1991 the Circuit Court entered a final judgment in the amount of $116,546.00 in favor of Zaremba and against the Debtors. (Zaremba's Exh. B) The jury verdict was based on the finding that the Debtors indeed fraudulently induced Zaremba to purchase the residence owned by the Debtors.

It is without dispute that between the time the jury rendered its verdict and the time the ultimate final judgment was entered by the court, the Debtors purchased two life insurance policies from Kemper Investors Life Insurance Company (Kemper). It is further without dispute that Zaremba sought execution of his judgment and procured a writ of garnishment which was served on Kemper on September 1, 1991. It is admitted that the Debtors withdrew from their money market and certificate of deposit held by them at California Federal in Spring Hill, Florida the sum of $50,000 and used the funds to purchase the life insurance policy insuring the life of Robert H. Scott, one of the Debtors, and the sum of $35,000 which was used to purchase a life insurance policy on Hope Scott, the other Debtor, and ultimately $12,000 additional funds which were used to purchase a life insurance policy for Robert H. Scott. The conversion of these funds and the use of same to purchase the insurance policies occurred one day after the rendition of the jury verdict. The Debtors immediately filed a Motion to Dissolve the Writ of Garnishment claiming that their interest in the life insurance policies described earlier are exempt pursuant to § 222.14 of the Florida Statutes. On March 4, 1992, the State court entered a Final Summary Judgment Dissolving Garnishment. (See Creditor's exhibit F). The Second District Court of Appeal per curiam affirmed that decision on February 12, 1993.

The Creditor next attempted to collect by filing a second complaint against the Debtors in State court. The complaint sought to attack the transfer of funds from the Debtor's bank accounts to the insurance policies as fraudulent conveyances pursuant to Florida Statute Chapter 726. The Debtors defended this action by raising res judicata, claiming that the garnishment action had decided the issue of fraudulent transfer. The Circuit Court judge who heard the motion found that no court had ever expressly ruled on the fraudulent transfer issue and denied the Debtor's motion. Four days before trial in the fraudulent conveyance action was to take place, the Debtors filed their Petition for relief in this Court.

In sum, it is undisputed that these policies were purchased from the money market and certificates of deposit which in turn were purchased by the Debtors from the proceeds of the sale of their residence to Zaremba. (Zaremba's Exh. C, Page 9) Although Zaremba was unsuccessful to reach the cash surrender value of the life insurance policies, Zaremba was able to levy on a car and some real property owned by the Debtors and so far has collected $46,497.38 which leaves a balance on the judgment of $76,773.52. Notwithstanding, it is Zaremba's contention that the remaining balance on the judgment is in excess of $100,000 due to the award of costs, fees and statutory interest which ran since the initial judgment entered by the Circuit Court. (Zaremba's Exh. 0)

On August 5, 1993, the Debtors filed their Petition for Relief under Chapter 13 which proposed a repayment plan of twenty cents on the dollar over 36 months to the only three creditors scheduled: Zaremba with a claim of $72,000, Mark Spence, the attorney for the Debtors in the amount of $3,000; and, Oak Hill Hospital with a claim of $615. Shortly after the commencement of this Chapter 13 case, Zaremba filed his Motion to Dismiss. It is the contention of Zaremba that it is appropriate to dismiss this Chapter 13 case pursuant to § 1307 of the Code which provides that a case may be dismissed for "cause". Just like the term used by other parts of the Code, the term "cause" is not defined although the Section

lists certain specific events described in ten subsections. None of them deals with the requirement that the petition for relief should be filed in good faith although it is clear that a Chapter 13 plan cannot be confirmed unless the Court finds that the plan was proposed by the Debtor in good faith. § 1325(a)(3). The Court of Appeals of this Circuit had occasion to consider the dismissal of a Chapter 13 case in the case of *In re Kitchens,* 702 F.2d 885 (11th Cir.1983). The Court of Appeals in considering good faith or absence of same of a Debtor who seeks relief under Chapter 13 noted that "the motivations of the debtor and his sincerity in seeking relief under the provisions of chapter 13," "the circumstances under which the Debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors," "the extent to which the debtor's debts would be dischargeable in a Chapter 7 case," and "the accuracy of the plan's statements of debts and expenses and the extent to which any inaccuracies are an attempt to mislead the court." *Id.,* at 889.

The difficulty with Zaremba's reliance on *In re Kitchens* and also in *In the Matter of Wall,* 52 B.R. 613 (Bkrtcy.M.D.Fla.1985) is misplaced simply because both dealt with the Debtor's attempt to obtain confirmation of a Chapter 13 plan where the good faith of a debtor was challenged by the creditors. Neither research of counsel nor independent research revealed any authority to support the proposition that a Chapter 13 case may be dismissed for lack of good faith unlike a Chapter 11 case which, of course, could be dismissed in the very beginning for the Debtor's bad faith in seeking relief under a chapter. *In re Albany Partners, Ltd.,* 749 F.2d 670 (11th Cir.1984); *In re Natural Land Corp.,* 825 F.2d 296 (11th Cir.1987); *In re Krilich,* 87 B.R. 178 (Bkrtcy.M.D.Fla.1988).

Thus, this Court is satisfied that it is premature to consider dismissal albeit the denial of the Motion should be without prejudice to Zaremba to object to confirmation of the current plan or any other amended plan which may be filed if he is so deemed to be advised on the basis that the plan has not been proposed in good faith.

In the alternative, Zaremba seeks relief from the automatic stay in order to proceed in the State Court to prosecute his second civil action against these Debtors. There is no question that Zaremba is an unsecured creditor and there is no legal basis to grant his Motion and authorize him to litigate in the State Court and the validity vel non of his claim against the Debtors must be resolved in this forum.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion of Peter Zaremba to Dismiss the Case or For Relief From the Automatic Stay be, and is hereby, denied.

DONE AND ORDERED.