**In re Andrew Jason STERN, Debtor.**

**No. 99–5–8658–JS.**

United States Bankruptcy Court, D. Maryland.

Aug. 13, 2001.

---

S. Rod Acchiardo, Baltimore, MD, for debtor.

Lawrence Joseph Yumkas, Rosenberg, Proutt et al., Baltimore, MD, for creditor.

## MEMORANDUM OPINION GRANTING CREDITOR'S MOTION TO DISMISS CHAPTER 13 CASE

JAMES F. SCHNEIDER, Bankruptcy Judge.

This matter came on for hearing upon the motion of BARCODING.COM to vacate the debtor's Chapter 7 bankruptcy discharge and to dismiss the instant Chapter 13 case [P. 15]. For the reasons set forth, the instant Chapter 13 case will be dismissed, but the debtor's Chapter 7 discharge will not be revoked.

### FINDINGS OF FACT

On March 24, 1997, the Circuit Court for Baltimore City entered judgment against Andrew Jason Stern in favor of Capturetech, LLC, in the amount of $176,978. On June 28, 1999, Mr. Stern filed a voluntary Chapter 7 bankruptcy petition in this Court. On the filing date, the debtor scheduled all of his unsecured debt totaling $88,494, as "unliquidated," except for the Capturetech claim which he scheduled as disputed in the amount of "$0.00." Schedule F, Creditors Holding Unsecured Non-priority Claims. In actuality, on that date, the debtor's total noncontingent, liquidated, unsecured debts totaled $270,127. Thereafter, the Chapter 7 trustee filed a report of no distribution [P. 5].[1]

On. September 23, 1999, an adversary proceeding, styled *Capturetech, LLC v. Stern*, Adv.Pro. No. 99–5684–JS, was filed against the debtor by Jay Steinmetz, individually and as member and trustee of Capturetech, LLC, requesting that a judgment entered against the debtor be determined to be nondischargeable pursuant to 11 U.S.C. § 523(a)(2), (a)(4) and (a)(6).

On October 1, 1999, an order of discharge [P. 6] was entered as a matter of course. However, the debt owed by the debtor to Capturetech, LLC was excepted from the discharge by reason of the pending complaint to determine dischargeability of debt.[2]

On June 19, 2000, while the Chapter 7 case was pending, the complaint came on for hearing, at which time this Court rendered an oral opinion granting summary judgment to the plaintiff. On November 13, 2000, a memorandum opinion and order were entered in which the Court granted summary judgment to the plaintiff and determined the debt to be nondischargeable.

Between the date of the hearing and the entry of the order, the debtor filed a motion to convert the case [P. 8] to Chapter 13 and the case was converted by order [P. 10] entered on September 14, 2000.

At a meeting of creditors held on November 7, 2000, the debtor stated that his noncontingent, liquidated, unsecured debts did not exceed the debt limits of a Chapter 13 case because of the earlier discharge he received while the case was a Chapter 7 proceeding.

---

1. See pp. 326–27, *infra*.

2. Section 727(b) of the Bankruptcy Code provides that a discharge granted pursuant to section 727(a) "discharges the debtor from all debts that arose before the date of the order for relief ... [except as provided in section 523 of this title]." 11 U.S.C. § 727(b) (1993 & Supp.2000). *See Allfirst v. Lewis (In re Lewis),* 257 B.R. 431, 435–36 (Bankr.D.Md. 2001) (The granting of a general bankruptcy discharge does not affect pending complaints to determine dischargeability of a particular debt.).

The debtor's avowed purpose in converting the case was to obtain a Chapter 13 "superdischarge" that would discharge the claim of BARCODING.COM that was non-dischargeable in Chapter 7. 11 U.S.C. § 1328(a).[3] By reason of the fact that the debtor's Chapter 7 proceeding was a "no asset" case, the claims of all the unsecured creditors were discharged without being paid. The only claim listed in the Chapter 7 schedules that was excepted from discharge was that of BARCODING.COM, by reason of its having been determined to be nondischargeable. Thus, because the debt and the debtor's personal liability on it were viable when the case was converted to Chapter 13, the debtor opined that this was the only debt to be dealt with by his Chapter 13 plan. The plan proposed by the debtor called for him to make 60 monthly payments to the trustee in the amount of $150, for a total of $9,000, less 10% to the Chapter 13 trustee, on a debt to BARCODING.COM of $176,978.

On November 20, 2000, BARCODING.COM[4] filed the instant motion [P. 15]

to revoke the debtor's discharge and to dismiss the case on the grounds that a debtor cannot receive both a Chapter 7 and a Chapter 13 discharge in the same case, and that the debtor was ineligible for Chapter 13 relief.

## CONCLUSIONS OF LAW

■ A Chapter 7 debtor has the right to convert the case to a proceeding under Chapter 13, provided that the case was not previously converted from another chapter to Chapter 7.[5] While a Chapter 7 debtor's right to convert to Chapter 13 has been described as "nearly absolute," *In re Cavaliere*, 238 B.R. 247, 248 (Bankr.W.D.N.Y. 1999), and "presumptive," *In re Krishnaya*, 263 B.R. 63, 64 (S.D.N.Y.2001), the debtor must be eligible to be a Chapter 13 debtor in order to convert from Chapter 7 to 13.[6] *In re Griggs*, 181 B.R. 111 (Bankr. N.D.Ala.1994); *Bobroff v. Continental Bank (In re Bobroff)*, 766 F.2d 797, 803 (3d Cir.1985). The debtor's eligibility is judged as of the original date of the filing of the bankruptcy petition, because the

---

**3.** Section 1328(a) provides:

As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—

   (1) provided for under section 1322(b)(5) of this title;

   (2) of the kind specified in paragraph (5), (8) or (9) of section 523(a) or 523(a)(9) [sic] of this title; or

   (3) for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime.

11 U.S.C. § 1328(a).

**4.** The judgment entered by the Circuit Court for Baltimore City on behalf of Capturetech, LLC was assigned to Jay Steinmetz and then by him to BARCODING.COM, a Delaware corporation owned by Mr. Steinmetz.

**5.** Section 706(a) of the Bankruptcy Code, which governs conversion of a case from Chapter 7 to another chapter, provides:

The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not be converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

11 U.S.C. § 706(a) (1993 & Supp.2000).

**6.** Section 706(d) of the Bankruptcy Code, which limits the right of a Chapter 7 debtor to convert a case, provides:

Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

11 U.S.C. § 706(d) (1993 & Supp.2000).

conversion of a case from one chapter to another "does not effect a change in the date of the filing of the petition." 11 U.S.C. § 348(a) (1993 & Supp.2000). Therefore, the date of the debtor's conversion to Chapter 13 related back to June 28, 1999, when the debtor filed his Chapter 7 petition. *See In re Lepper,* 58 B.R. 896, 898 (Bankr.D.Md.1986).

▮ To be eligible for relief under Chapter 13 of the Bankruptcy Code, a debtor must be "an individual with regular income that owes, **on the date of the filing of the petition,** noncontingent, liquidated, unsecured debts of less than $269,250 and noncontingent, liquidated, secured debts of less than $807,750 ..." 11 U.S.C. 109(e) (1993 & Supp.2000) *(emphasis added).* Determining the limits for Chapter 13 set forth in Section 109(e) requires the computation of the debts owed by the debtor on the date of the filing of the petition. *Scovis v. Henrichsen (In re Scovis),* 249 F.3d 975, 981–84 (9th Cir. 2001).

▮ A debtor's designation of debt as "unliquidated" does not settle the question. The bankruptcy court may scrutinize and redesignate the characterization by a debtor of any given debt when that characterization is the subject of a case or controversy, as in the instant setting. *In re Sullivan,* 245 B.R. 416 (N.D.Fla.1999); *In re Soderlund,* 236 B.R. 271 (9th Cir. BAP 1999); *Lucoski v. IRS (In re Lucoski),* 126 B.R. 332 (S.D.Ind.1991).

▮ As the Eighth Circuit Bankruptcy Appellate Panel held in the case of *Barcal v. Laughlin (In re Barcal),* 213 B.R. 1008, 1014 (8th Cir. BAP 1997),

> We hold that the key factor in distinguishing liquidated from unliquidated claims is **not** the extent of the dispute nor the amount of evidence required to establish the claim, but **whether the process for determining the claim is fixed, certain, or otherwise determined by a specific standard.** This definition is in accord with the early distinction between contract and tort claims addressed in *In re Sylvester,* 19 B.R. 671 (9th Cir. BAP 1982). There, the court contrasted the unliquidated nature of tort claims with liquidated nature of contract claims and held that a disputed contract liability was liquidated even though adjudication of the debt required submission of evidence at trial. While tort claims were not fixed as to liability or amount until a judicial award, the court stated that contract claims were subject to " ... ready determination and precision in computation of the amount due ... [and] the amount due [was] capable of ascertainment by reference to an agreement or by simple computation." *Id.* at 673.

*Id. Accord, In re Newman,* 259 B.R. 914 (Bankr.M.D.Fla.2001); *In re Tabor,* 232 B.R. 85 (Bankr.N.D.Ohio 1999). In the instant case, the characterization of the debtor's unsecured debts as "unliquidated" will not pass the scrutiny of this Court. All of the unsecured debts scheduled by the debtor as "unliquidated" were, in fact, liquidated. All except for the BARCODING.COM debt represented fixed amounts due and owing for services rendered or credit advanced pursuant to contract. The BARCODING.COM claim sounded in tort but was liquidated by a prepetition state court judgment based upon fraud. The judgment against the debtor in the amount of $176,978, was therefore liquidated and noncontingent on the date of filing. *In re Mitchell,* 255 B.R. 345, 358–60 (Bankr. D.Mass.2000); *Nicholes v. Johnny Appleseed of Washington (In re Nicholes),* 184 B.R. 82, 88–89 (9th Cir. BAP 1995); *In re Crescenzi,* 53 B.R. 374, 379–80 (Bankr. S.D.N.Y.1985), *aff'd,* 69 B.R. 64, 65–66 (S.D.N.Y.1986); *Shelton v. Correa (In re*

*Correa)*, 15 B.R. 195, 196 (Bankr.D.Md. 1981) (Joint judgment debtors were each liable for the full amount of the judgment.). *Cf. Slack v. Wilshire Ins. Co. (In re Slack)*, 187 F.3d 1070 (9th Cir.1999) (State court judgment entered postpetition was not to be counted in determining the debtor's eligibility to file Chapter 13 because it became liquidated postpetition.)

■ Likewise, merely because the debtor labeled the BARCODING.COM claim as "disputed" did not make it so, where the state court already adjudicated it and entered a money judgment on it against the debtor. Even claims that are disputed as to liability must be counted in determining the debtor's eligibility for Chapter 13 relief. *U.S. v. Verdunn*, 89 F.3d 799 (11th Cir.1996); *In re Knight*, 55 F.3d 231 (7th Cir.1995); *In re Claypool*, 142 B.R. 753 (Bankr.E.D.Va.1990).

■ Because Mr. Stern owned no real property and because no levy on his personal property was executed prepetition by Capturetech, the debt was unsecured. The amount of the judgment, plus interest as of the petition date, June 28, 1999, in the amount of $4,655, was $181,633. This was acknowledged by the debtor who did not dispute the amount of the BARCODING.COM claim that it filed after the case was converted to Chapter 13. When added to the debtor's other unsecured debt, the total unsecured debt on the petition date exceeded the statutory limits permitted for a debtor to file Chapter 13.

Because the Court has found the debtor to be ineligible to convert the case to Chapter 13, it need not decide whether the discharge that was entered before the case was converted should be revoked.

In the case of *In re Mosby*, 244 B.R. 79, 81 (Bankr.E.D.Va.2000), Judge Stephen S. Mitchell held that "the existence of an unvacated Chapter 7 discharge does not constitute a bar to conversion or to confir-

mation of a chapter 13 plan, provided the plan is proposed in good faith and otherwise meets the requirements for confirmation." *Id. Accord, Mason v. Young (In re Young)*, 237 F.3d 1168 (10th Cir.2001); *In re Pakuris*, 262 B.R. 330 (Bankr.E.D.Pa. 2001) (Prior entry of Chapter 7 discharge did not automatically bar conversion of the case to Chapter 13, but conversion was denied on debtor's abuse of the system). *Contra, In re Marcakis*, 254 B.R. 77 (Bankr.E.D.N.Y.2000); *In re Hauswirth*, 242 B.R. 95 (Bankr.N.D.Ga.1999); *In re Lesniak*, 208 B.R. 902 (Bankr.N.D.Ill. 1997); *In re Safley*, 132 B.R. 397 (Bankr. E.D.Ark.1991); *In re Sieg*, 120 B.R. 533 (Bankr.D.N.D.1990).

■ *Depending upon the totality of the circumstances*, the debtor's receipt of a Chapter 7 discharge of all unsecured debts except for one that was held to be nondischargeable, followed by the filing of a Chapter 13 case or the conversion of the original Chapter 7 case to Chapter 13, for the sole purpose of obtaining a superdischarge of the formerly nondischargeable debt, might result in the denial of confirmation of the plan and/or the dismissal of the case on grounds that neither the plan nor the case were filed in good faith. *In re Johnson*, 262 B.R. 831, 838 (Bankr.D.Idaho 2001); *In re James*, 260 B.R. 498, 503 (Bankr.D.Idaho 2001); *In re Haskell*, 252 B.R. 236, 242–43 (Bankr. M.D.Fla.2000); *In re Keach*, 225 B.R. 264, 266–68 (Bankr.D.R.I.1998), *vacated and remanded, Keach v. Boyajian*, 243 B.R. 851 (1st Cir. BAP 2000); *In re Petersen*, 228 B.R. 19, 24–26 (Bankr.M.D.Fla.1998); *Leavitt v. Soto (In re Leavitt)*, 209 B.R. 935, 940 (9th Cir. BAP 1997), *aff'd*, 171 F.3d 1219 (9th Cir.1999); *In re Elisade*, 172 B.R. 996, 1000 (Bankr.M.D.Fla.1994); *In re Norman*, 162 B.R. 581, 583 (Bankr. M.D.Fla.1993); *In re Jahnke*, 146 B.R. 830, 832 (Bankr.E.D.Cal.1992); *In re Dot-*

son, 124 B.R. 836, 838–39 (Bankr. N.D.Okla.1991); *Fidelity & Cas. Co. of N.Y. v. Warren (In re Warren)*, 89 B.R. 87, 93–95 (9th Cir. BAP 1988); *In re Chaffin*, 816 F.2d 1070 (5th Cir.1987), *modified on reconsideration*, 836 F.2d 215 (5th Cir. 1988); *In re Davis*, 68 B.R. 205, 215 (Bankr.S.D.Ohio 1986); *In re Caldwell*, 67 B.R. 296 (Bankr.E.D.Tenn.1986), *remanded to district court, Hardin v. Caldwell*, 851 F.2d 852 (6th Cir.1988), *aff'd*, 895 F.2d 1123 (6th Cir.1990); *In re Wall*, 52 B.R. 613, 616 (Bankr.M.D.Fla.1985). *But see also In re Verdi*, 241 B.R. 851 (Bankr. E.D.Pa.1999); *Matter of Parameswaran*, 64 B.R. 341 (Bankr.S.D.N.Y.1986); *Street v. Lawson (In re Street)*, 55 B.R. 763 (9th Cir. BAP 1985).

Having found this debtor to be ineligible to be in a Chapter 13 proceeding, and having also determined that the instant case should be dismissed, this Court need not decide the issue of whether the debtor's plan may be confirmed as having been filed in good faith.

ORDER ACCORDINGLY.