# UNITED STATES BANKRUPTCY APPELLATE PANEL

FOR THE EIGHTH CIRCUIT

No. 97-6050 NE

In re:                                              *
                                                    *
JOHN WAYNE BARCAL,                                  *
                                                    *
                          Debtor.                   *
                                                    *
JOHN WAYNE BARCAL,                                  *        APPEAL FROM THE UNITED
                                                    *        STATES BANKRUPTCY COURT
                          Appellant,                *        FOR DISTRICT OF
NEBRASKA
                                                    *
v.                                                  *
                                                    *
KATHLEEN LAUGHLIN, TRUSTEE, and      *
UNITED STATES OF AMERICA,             *
                                                    *
                          Appellees.       *

Submitted: September 9, 1997
     Filed: November 14, 1997

Before KRESSEL, SCHERMER and SCOTT, United States Bankruptcy Judges

SCHERMER, United States Bankruptcy Judge:

The Debtor, John Wayne Barcal, ("Debtor") appeals the bankruptcy court[1] order dismissing his Chapter 13 bankruptcy case on the basis that the Debtor's unsecured, disputed tax liabilities exceeded the statutory limit for eligibility under § 109(e) of the

---

[1] John C. Minahan, Jr., Judge, United States Bankruptcy Court for the District of Nebraska.

Bankruptcy Code.[2]  For the reasons outlined below, we affirm the decision of the bankruptcy court holding that the court should include disputed claims in considering a debtor's eligibility for Chapter 13 relief, and we further affirm the bankruptcy court's determination that a debtor is not entitled to a full judicial determination of the amount and validity of disputed claims where the debtor's schedules and proofs of claim on file reveal that debts exceed the eligibility limits of § 109(e).

## I.  FACTUAL BACKGROUND

Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code on January 21, 1997.  At that time, the Debtor also filed his Schedules, Statement of Affairs and his Chapter 13 Plan. The Debtor's only scheduled claims were unsecured non-priority claims owed to the United States Internal Revenue Service (the "Service"), and to the State of California.  In Schedule F, "Creditors Holding Unsecured Non-priority Claims," the Debtor listed the Service as holding an unsecured claim in the amount of $406,720.20 for tax years 1989, and 1990 through 1992.  The Debtor also scheduled two taxing authorities of the State of California as holding unsecured claims in the amount of $23,872.22 and $12,446.30.  The Debtor's total scheduled, unsecured claims at filing were $443,038.72, of which a maximum of $27,203.19 could have been secured, based upon the Debtor's valuation of assets.

---

[2]  The Bankruptcy Code is 11 U.S.C. §§ 101-1330.  All future references are to Title 11 unless otherwise indicated.

The Debtor placed an "X" in the column on his bankruptcy schedules to declare that he disputed these tax liabilities, but he did not check the other columns to indicate

that he considered the obligations unliquidated or contingent.  The Chapter 13 trustee, Kathleen A. Laughlin (the "Trustee"), filed a Motion to Dismiss the Chapter 13 case based upon the Debtor's ineligibility to file a Chapter 13 petition under § 109(e) because his non-contingent, liquidated, unsecured debts exceeded the statutory limit of $250,000.  The Service joined in the Trustee's Motion.

In its amended proof of claim, the Service asserted that it held unsecured non-priority claims against the Debtor in the amount of $498,992.51; a secured claim in the amount of $2,203.19; and an unsecured priority claim in the amount of $952.76.  The Debtor objected to the Service's proof of claim and responded to the Motion to Dismiss by asserting that the Court should not count the Service's claim for eligibility purposes because the claim was both disputed and fraudulent. The Debtor maintained that the claim was fraudulent because it represented tax liabilities which, in part, the Service abated as a result of prior civil litigation.  Further, he objected that the Service released some of the tax liabilities when the Service released certain prior tax liens.   Other taxes, he asserted, were improper because the Service sent its notices of assessment and deficiency to incorrect addresses.  Finally, he contended that the Service overstated some liabilities because the Service improperly disallowed various deductions.                    At the hearing on the Motion to Dismiss, the Service introduced certified Certificates of Assessments and Payments ("Certificates of Assessment") which reflected an unpaid balance of tax assessments in excess of $250,000 for the tax years 1987,1989, 1990 and 1991.   In addition to these assessments, the Service's proof of claim, which the court received in evidence, reflected total interest of

$170,508.21 and penalties of $110,112.49 on the unsecured claims.  In opposition, the Debtor introduced

various tax records along with his own declaration or affidavit in which the Debtor enumerated his objections summarized above.

By order dated May 22, 1997, the bankruptcy court dismissed the Debtor's Chapter 13 case, holding that the Debtor's non-contingent, liquidated, unsecured debts exceeded $250,000 and concluding that the Debtor was therefore not entitled to relief under Chapter 13. The Debtor now appeals.

## II. ISSUES ON APPEAL

The Debtor asserts three issues on appeal. First, the Debtor challenges the bankruptcy court's legal conclusion that the court should count disputed tax claims in determining a debtor's maximum debt for Chapter 13 eligibility. Second, the Debtor asserts that the court erred in its determination that the liabilities were non-contingent and liquidated. And, third, the Debtor protests that the court failed to consider fully the amount and validity of the tax claims, or the merits of the Debtor's objection thereto as part of its analysis of the Debtor's Chapter 13 eligibility.

## III. STANDARD OF REVIEW

Whether the amount of a disputed debt should be included in an eligibility determination under Chapter 13 requires examination of the rules governing statutory construction and is, therefore, a question of law. Nicholes v. Johnny Appleseed of Washington (In re Nicholes) 184 B.R. 82, 86 (9th Cir. B.A.P. 1995). Similarly, whether a debt is liquidated or unliquidated, contingent or non-contingent is a question of law. We review questions of law de novo. First Nat'l Bank of Olathe Kansas v. Pontow, 111 F.3d 604, 609 (8th Cir. 1997); Estate of Sholdan v. Dietz (In re Sholdan), 108 F.3d 886, 888 (8th Cir.1997). Finally, the Debtor's third challenge asks whether the bankruptcy court

6

has the obligation to fully determine the amount of disputed claims when determining Chapter 13 eligibility. This question, too, requires statutory construction and is a question of law subject to <u>de novo</u> review.


## IV. ANALYSIS

**Chapter 13 Statutory Background**

Section 109(e) of the Bankruptcy Code sets forth the eligibility requirements for Chapter 13 relief. That section states in relevant part:

> (e)  Only an individual with regular income that owes, on the date of the filing of the petition, non-contingent, liquidated, unsecured debts of less than $250,000 and non-contingent, liquidated, secured debts of less than $750,000, or an individual with regular income and such individual's spouse, . . . may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e). The Bankruptcy Code defines a "debt" as "liability on a claim." § 101(12). A "claim" means a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." § 101(5)(A). Although the definition of a "claim" explicitly includes debts that are contingent and unliquidated, § 109(e) excludes unliquidated and contingent debts from Chapter 13 eligibility computation. <u>Nicholes</u>, 184 B.R. at 88. Section 109(e) does not, however, exclude from such calculation debts which a debtor merely disputes.

The Bankruptcy Code, does not provide definitions for the terms "contingent," "liquidated" or "disputed." While courts have assigned different meanings to these terms, their definitions often overlap,

7

thereby enabling a disputed claim to be both unliquidated and contingent. <u>See</u> <u>In re Lambert</u>, 43 B.R. 913, 920 (Bankr. D. Utah 1984).

Indeed, it is the Debtor's assertion that the Service's claims are both unliquidated and contingent because of the nature of the Debtor's dispute.

As an initial matter, consistent with the majority of courts, we hold that disputed, non-contingent and liquidated debts must count toward the debt limitations for Chapter 13 eligibility. <u>United States v. Verdunn</u>, 89 F.3d 779, 801 n. 9 (B.A.P. 9th Cir. 1996). <u>Accord</u> <u>In re Sylvester</u>, 19 B.R. 671 (B.A.P. 9th Cir. 1982); <u>Vaughn v. Central Bank of the South</u> (<u>In re Vaughn</u>) 36 B.R. 935 (N.D. Ala. 1984); <u>Albano v. Craig Corp.</u> (<u>In re Albano</u>) 55 B.R. 363 (N.D. Ill. 1985); <u>In re Madison</u>, 168 B.R. 986 (D. Hawaii 1994); <u>In re Jordan</u>, 166 B.R. 201 (Bankr. D. Me. 1994); <u>In re Ekeke</u>, 198 B.R. 315 (Bankr. E.D. Mo. 1996). In other words, a court should not exclude from the computation of debts for Chapter 13 eligibility an obligation that the debtor merely disputes.

The Court in <u>Vaughn</u> explained the rationale behind such policy, and we adopt that explanation here.

> Congress sets the limits as to who qualifies to file for bankruptcy under Chapter 13. This Court cannot find in any legislative history where Congress contemplated allowing disputed claims to be excluded from the calculation of the maximum allowable debt. This Court can only speculate that any such statutory language would cause a flood of "disputes" over liabilities which, if allowed to translate a claim into an unliquidated claim could utterly thwart the judicial process in bankruptcy proceedings. It is easy to envision debtors regularly using such a "dispute" technique as a stalling device. If such a device were given judicial recognition it would create havoc. The unscrupulous would file a Chapter 13 petition and then "dispute" the unsecured debts, allow the litigation to continue under Chapter 13, and then after months of costly delay the bankruptcy court would find that all had been in vain because the "disputes" were only imagined and that the bankruptcy court lacked jurisdiction to adjudicate the claims."[3]

---

[3] While we agree with the rationale stated by the bankruptcy court in <u>Vaughn</u>, we note that the Eighth Circuit has stated that the question of eligibility under Chapter 13 is

Thus, unless the debts to the Service are contingent or unliquidated, although the Debtor disputes those debts, they must be counted for Chapter 13 eligibility purposes and, when counted, they render the Debtor ineligible.

**Are the Debts Contingent?**

While the terms contingent and liquidated are not statutorily defined, case law has developed an established definition of each term. With respect to "contingent," "[I]t is generally settled that 'if all events giving rise to liability occurred prior to the filing of the bankruptcy petition,' the claim is not contingent."  In re Keenan, 201 B.R. 263, 264-65 (Bankr. S.D. Calif. 1996), quoting In re Nicholes, 184 B.R. 82, 88 (B.A.P. 9th Cir. 1995).  Accord In re Loya, 123 B.R. 338, 340 (B.A.P. 9th Cir. 1991); In re Albano, 55 B.R. 363, 366 (N.D. Ill. 1985).  In Albano, the court provided the following conceptual distinction between contingent and disputed debts, observing that the determinant factor is whether the challenge involves conditions subsequent or conditions precedent.

> 1.  Contingent debts (in the sense of dependency on a future event) involve no liability unless the condition precedent occurs (e.g., in the case of a guarantee-default by a principle).

> 2.  Disputed debts involve presumptive liability unless cut off by a condition subsequent (e.g. entry of a judgment for the debtor).

Id. at 366.

---

not a question of jurisdiction.  Rudd v. Laughlin, 866 F.2d 1040, 1042 (8th Cir. 1989) (holding a bankruptcy court did not lack jurisdiction to convert a Chapter 13 proceeding to Chapter 7 where debts exceed Chapter 13 eligibility limits).

Contingent liabilities therefore are a class of liabilities in which the obligation to pay does not arise until the occurrence of a "triggering event or occurrence . . . reasonably

11

contemplated by the debtor and creditor at the time the event giving rise to the claim occurred." Id. quoting In re All Media Properties, 5 B.R. 126, 133 (Bankr. S.D. Tex. 1980) aff'd per curiam, 646 F.2d 193 (5th Cir. 1981).

In this matter, the Debtor's liabilities to the Service do not await a "triggering event" or some condition precedent for the debts to exist. Rather, the obligations presently exist with liability having been determined at the time of assessment. While the Debtor disputes the amount of his tax liability, the Service's Certificates of Assessment established the amount owed. Those certificates listed not only the dates and amounts of assessment by the Service for each of the tax years in issue, but also contained the dates on which the Debtor made payments, or on which credits were applied to the various assessments. Additionally, the Debtor's Schedules admitted the existence of these tax liabilities. On such facts, the court correctly determined that the Service's claims were non-contingent liabilities.

**Are the Debts Liquidated?**

Bankruptcy courts have consistently held that a debt which is "readily calculable," or "readily determinable" is a liquidated debt, regardless of whether the debtor disputes the obligation. In re Keenan, 201 B.R. 263, 266 (Bankr. S.D. Calif. 1996). See In re Nicholes, 184 B.R. 82, 91 (B.A.P. 9th Cir. 1995); In re Loya, 123 B.R. at 340-41 (B.A.P. 9th Cir. 1991); In re Wenberg, 94 B.R. 631, 634 (B.A.P. 9th Cir. 1988). The question of whether the claim is liquidated then turns on whether the Debtor's disputed debts were "readily calculable."

In an attempt to define what is meant by "readily calculable" or "readily determinable," some courts have focused on the extent of the evidentiary hearing

required to resolve the dispute. For example, In re Wenberg, the Ninth Circuit Bankruptcy Appellate Panel explained that "[t]he definition of 'ready determination' turns on the distinction between a simple hearing to decide the amount of a certain debt, and an extensive and contested evidentiary hearing in which substantial evidence may be necessary to establish amounts or liability." Id. at 634. Similarly, in Nicholes, the court attempted a clarification by stating that ". . . if the dispute itself makes the claim *difficult to ascertain* or prevents the ready determination of the amount due, the debt is unliquidated and excluded from the § 109(e) computation." Id. at 91 (emphasis added). Based upon such definitions, the Debtor in the instant matter contends that his tax liabilities are not "readily calculable" (and therefore are not liquidated) because the tax liabilities have been, and are still, the subject of extensive and protracted litigation disputing the amount of the tax assessments.[4]

We hold that the key factor in distinguishing liquidated from unliquidated claims is **not** the extent of the dispute nor the amount of evidence required to establish the claim, but **whether the process for determining the claim is fixed, certain, or otherwise determined by a specific standard.** This definition is in accord with the early distinction between contract and tort claims addressed in In re Sylvester, 19 B.R. 671 (B.A.P. 9th Cir. 1982). There, the court

---

[4] The Debtor challenged the disallowance of certain deductions concerning his 1987 and 1988 returns in Barcal v. United States, Civil No. CIV-S-93-1267(E.D. Calif.). He thereafter filed a second action, Barcal v. Unites States, Civil No. CIV-S-94-1462(E. D. Calif.) to challenge, among other matters, the ineffectiveness of the Service's notice of deficiency for subsequent years.

14

contrasted the unliquidated nature of tort claims with the liquidated nature of contract claims and held that a disputed contract liability

was liquidated even though adjudication of the debt required submission of evidence at trial.  While tort claims were not fixed as to liability or amount until a juridical award, the court stated that contract claims were subject to   ". . . ready determination and precision in computation of the amount due . . . . [and] the amount due [was] capable of ascertainment by reference to an agreement or by simple computation." Id. at 673.

Under such test, the instant Debtor's tax liabilities were indeed readily determinable and liquidated because at the time of filing, the liabilities had already been fixed or established by the Service's Certificates of Assessment.  The assessment of a tax liability is essentially a bookkeeping function whereby a representative of the Service establishes an account against the taxpayer on the Service's tax rolls.   Hempel v. United States, 14 F.3d 572, 572 n. 1 (11th Cir. 1994) citing Laing v. United States, 423 U.S. 161, 170 n. 13, 96 S. Ct. 473, 479 n. 13, (1976).  The "assessment" sets in motion the collection powers of the Service, and once the Service makes an assessment, the taxpayer's only recourse is to pay the tax and bring a suit for refund. Hempel, 14 F.3d at 573 n. 1 and n. 2.  Prior to making an assessment, however, the Service is required to send the taxpayer a statutorily required notice of deficiency, or "90-day letter."  Id. at 573.

While the Debtor disputes receipt of the Service's deficiency notices, the Service's Certificates of Assessment state the date on which the Service issued such notices for each year at issue as a preliminary step in its assessment process.  A notice of deficiency is a statutorily authorized document that the Service must send whenever its agents determine that the taxpayer owes a deficiency. Benzvi v.

16

Commissioner of Internal Revenue, 787 F.2d 1541, 1542 (11th Cir. 1986).

The Internal Revenue Code

defines a "deficiency" as the difference between the taxpayer's liability and the liability shown on the taxpayer's return. Id. Thus, to send a notice of deficiency, an agent of the Service must first have examined the taxpayer's return and determined (or calculated) the amount of the deficiency. Id. (citations omitted). The notice of deficiency then states that a definite sum of money is owed by the taxpayer to the Service, and that the stated amount is payable unless the taxpayer can prove otherwise. In re Lamar, 111 B.R. 327, 329 (D. Nevada 1990).

For each tax year involved in the instant case, the Certificates of Assessment state the date the Debtor filed his tax return, the date thereafter that the Service issued its deficiency notices, and the determined amount of the deficiency which the Service then assessed. Whether or not the Debtor agrees that he properly received notices of deficiency for each year does not alter the fact that the taxes were determined or liquidated through the Service's process of assessment. Accordingly, the Debtor's tax liabilities, having been determined, are liquidated debts which were properly included in calculating the Debtor's Chapter 13 eligibility at the time of filing. See also In re Madison, 168 B.R. 986 (D. Hawaii 1994) (rejecting similar arguments concerning eligibility for Chapter 13 where tax liabilities were disputed).

**Is the Debtor Entitled to have the Bankruptcy Court Resolve the Tax Claim Dispute and Fully Determine his Tax Liability?**

The Debtor lastly contends that the court erred in failing to conduct a full evidentiary hearing to determine the amount of his tax liabilities and in failing to fully consider the merits of his objections to the Service's proof of claim. We hold that the

18

court appropriately refused to resolve the tax dispute or determine the merits of the tax claim, and we further conclude that the court's canvassing of the evidence at hearing on the Motion to Dismiss constituted an appropriate review of the claims for § 109(e) eligibility purposes. The purpose of Chapter 13 debt limitations is "to limit the availability of a Chapter 13 adjustment of debts to individual wage earners and 'small sole proprietor[s], for whom a chapter 11 reorganization is too cumbersome a procedure.'" In re Albano, 55 B.R. 363, 365 (N.D. Ill 1985), quoting H.R.Rep. No. 595, 95th Cong., 1st Sess. 319-20, reprinted in 1978 U.S. Code Cong. & Ad. News 5963, 6276-77. Such limited eligibility is intended to implement the expeditious administration of Chapter 13 reorganizations. To require the bankruptcy court to decide the merits of disputed claims before determining eligibility imposes an impractical burden and delay upon the Chapter 13 court. In re Madison, 168 B.R. 986, 989 (D. Hawaii 1994). Alternatively, it has been said that requiring the bankruptcy court to pass on the merits of all claims before the proceeding could even get under way, would generate a circular and self-defeating barrier to the prompt administration of Chapter 13 proceedings. In re Albano, 55 B.R. at 368. See Comprehensive Accounting Corp. v. Pearson, 773 F.2d at 751, 756 (6th Cir. 1985). Thus, the bankruptcy court was not obligated to fully determine the amount of the tax claims, and in fact, to do so would have been contrary to Chapter 13 policy of expediency.

Rather than making final determinations on disputed liabilities, it is appropriate for a court considering eligibility to rely primarily upon a debtor's schedules and proofs of claim, checking only to see if these documents were filed in good faith. Comprehensive Accounting

19

<u>Corp.</u>, 773 F.2d at 756.  In so doing, however, the court should neither

place

total reliance upon a debtor's characterization of a debt nor rely unquestionably on a creditor's proof of claim, for to do so would place eligibility in control of either the debtor or the creditor. In re Madison, 168 B.R. at 989. At a hearing on eligibility, the court should thus, canvass and review the debtor's schedules and proofs of claim, as well as other evidence offered by a debtor or the creditor to decide only whether the good faith, facial amount of the debtor's liquidated and non-contingent debts exceed statutory limits.

In light of this standard, the bankruptcy court correctly reviewed the proof of claim and the evidence offered by the Service as well as the Debtor's Schedules and declaration tendered at hearing on the Motion to Dismiss. Such evidence showed that the Service made its deficiency determination and assessed taxes due the United States in an amount which exceeded Chapter 13 eligibility limitations. While the court correctly refrained from making a final determination of the amount of the Debtor's tax liabilities, the court did not clearly err in determining that the Debtor's unsecured claims exceeded the statutory limits for eligibility at the time of filing. A subsequent resolution of the tax dispute before an appropriate tribunal may result in a determination that the Debtor's tax liability is less than $250,000; however, for the purposes of Chapter 13 eligibility at the time of filing, such a final resolution is immaterial where the Debtor's schedules and proofs of claim on file reveal that the debts exceed the limits of § 109(e). Comprehensive Accounting, at 758.

The foregoing conclusion is further supported by the fact that §
109(e) does not require a hearing to determine eligibility[5] and by the
fact that Chapter 13 must move very quickly with the debtor filing a
plan within 15 days of the petition.  Comprehensive Accounting, at 756.
Further, to afford a debtor a full determination on the merits
concerning his disputed tax liabilities would permit, and indeed
encourage, improper forum shopping.  Clearly, this Debtor was already
litigating the subject tax liabilities in two proceedings in district
court at the time he filed his Chapter 13 petition, and given that the
only debts to be treated in this Chapter 13 proceeding were tax
obligations owed to the United States and the State of California,
litigating on the merits before the bankruptcy court would condone such
forum shopping and delay prompt and appropriate administration of the
Chapter 13 proceeding.

## V. Conclusion

For the foregoing reasons, the decision of the bankruptcy court is
affirmed.

A true copy.

Attest:

       CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
       EIGHTH CIRCUIT

---

[5] The issue is properly raised as an objection to confirmation of the debtor's plan or preferably, as it was here, by a motion to dismiss.