In re Robert Dale LARSEN and Diane Kathryn Larsen, Debtors.

Bankruptcy No. 98–10006.

United States Bankruptcy Court, D. Wyoming.

Aug. 24, 1998.

483

Robert Dale Larsen, Diane Kathryn Larsen, Sheridan, WY, debtors pro se.

Philip E. Blondin, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for IRS.

## ORDER ON OBJECTION TO CLAIM

PETER J. McNIFF, Bankruptcy Judge.

The debtors' objection to the claim filed by the United States of America Internal Revenue Service (IRS) came before the court for hearing on August 18, 1998. Although previously advised by the court to seek counsel, the debtors appeared pro se. The IRS was represented by Philip E. Blondin admitted pursuant to the Local Bankruptcy Rules. Carol A. Statkus was excused from attending the hearing by the court.

The claim to which the debtors object is a secured claim for Federal income taxes due for the tax years 1994 and 1995 in the amount of $17,381.00, a priority claim under § 507(a)(8) for Federal income taxes for the 1996 and 1997 tax years in the amount of $22,550.81, and an unsecured claim of $5,302.04 representing prepetition penalties and interest.

The debtors object that there is no basis in law for the taxes owed; the IRS does not have a judgment to support its claim; the tax assessments do not comply with the due process requirements of law; and some of the IRS administrative procedures are confusing, improper, and caused the debtors difficulties related to their plumbing contracts and their banks.

As a preliminary matter, the debtors contend that the IRS is in violation of the automatic stay provided in 11 U.S.C. § 1301. The debtors misapprehend the nature of the stay imposed by § 1301 which is a stay against actions to collect a consumer debt from a nonfiling codebtor, none of which is applicable here.

Regarding the automatic stay imposed by § 362(a), the statute creates an exception § 362(b)(9) for a taxpayer audit, a tax assessment or issuance of a notice of tax deficiency, among other things. If the debtors have proof of a violation of § 362 by the IRS which does not fall within the exception, they may pursue their remedies in a proceeding separate from this claim objection.

Regarding the claim objection, the debtors contend I.R.C. § 6332(c) requires the IRS to obtain a judgment through a judicial process before it can assess and collect income taxes. This objection is evidence of the debtors' misunderstanding of legal terminology which created several of their stated concerns.

Under § 6332(c), the language "subject to an attachment or execution under judicial process" pertains to creditors other than the IRS. The section protects judgment creditors with priority over the IRS lien, but has no significance with regard to the levy requirements of the service.

The IRS is not required to initiate a civil proceeding and obtain judgment before implementing enforcement of its tax collection through a judicial process. The Internal Revenue Code provides the basis for the taxes owed and the method of collection. That statutory authority is sufficient to support a proof of claim evidencing the debt owed to the IRS by the taxpayer/debtors in the absence of a judgment.

Next the debtors argue the tax assessment is invalid because the IRS did not produce a summary record of assessment as required by 26 C.F.R. § 301.6203–1. At the hearing, the IRS introduced two Certificates of Official Record with the assessment and payment records for the tax years in question. The certificate of assessments and payments is prepared from the computerized information stored after the summary record is prepared. The certificates are sufficient evidence of the tax assessments. *United States v. Hesse*, 90–1 U.S.T.C. ¶ 50049 (S.D.N.Y.1990).

The Larsens are correct that they are entitled to the "pertinent parts" of the assessment as set forth in 26 C.F.R. § 301.6305–1. That information is set forth in the certificates of assessments and payments and is based on the summary.

The court finds no irregularity in the administrative procedures the IRS applied in this case. Even if the debtors were to establish irregularities in the administrative process, which they have not, such is not equivalent to a violation of due process, and does not invalidate the tax nor halt the collection process. *Tweedy v. United States*, 90–1 U.S.T.C. ¶ 50,024 (D.Idaho 1992).

The assessments against the Larsens are based upon the Larsens' income for the tax years in question. The income was reported by the Larsens on their untimely filed tax returns. The tax liability is greater than the income tax calculated on the returns because the IRS assessed valid penalties and interest on the tax due.

There is no evidence that the proof of claim is in error. It is, therefore, OR-DERED that the debtors' objection to the claim filed by the United States Internal Revenue Service is overruled; and further

ORDERED that the debtors shall have to and including September 11, 1998 in which to file, serve, and properly notice a confirmable chapter 13 plan making provision for payment of the taxes due as set forth in the IRS proof of claim, absent which this case will be dismissed.