In re Elizabeth B. SULLIVAN, Debtor.

No. 4:98CV283–WS.
Bankruptcy No. 97–07486.

United States District Court,
N.D. Florida,
Tallahassee Division.

Sept. 28, 1999.

Carol Koehler Ide, U.S. Dept. of Justice, Washington, DC, Leigh Duncan Heart, Leigh Duncan Heart, PA, Standing Chapter 13 Trustee, Tallahassee, FL, Ronald Aaron Mowrey, Mowrey & Newman, PA, Tallahassee, FL, for plaintiff.

## ORDER AFFIRMING DECISION OF THE BANKRUPTCY COURT

STAFFORD, Senior District Judge.

Elizabeth B. Sullivan ("Sullivan"), the debtor and appellant in this action, seeks review of two orders entered by the United States Bankruptcy Court for the Northern District of Florida on June 2, 1998, and July 7, 1998, respectively. In the first order, the Bankruptcy Court granted the Internal Revenue Service's motion to dismiss Sullivan's Chapter 13 case. In the second order, the Bankruptcy Court denied Sullivan's motion for reconsideration.

### I.

Sullivan filed her Chapter 13 petition on July 25, 1997. On her bankruptcy schedules, filed on August 27, 1997, she included a noncontingent, liquidated, unsecured debt—a federal income tax liability—of $224,106.55. Sullivan based the amount of this liquidated debt on a letter, dated June 9, 1997, from the Internal Revenue Service ("IRS"), which stated: "Our records...indicate that you owe $196,766.17 as of 6–9–97, [for] tax periods 12–31–84 thru 12–31–94, including tax penalty and interest...[plus] $27,340.38 for tax period 12–31–95." Doc. 29, Ex. A.

Under 11 U.S.C. § 109(e), a debtor is eligible for protection under Chapter 13 of the Bankruptcy Code only if the individual "owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $250,000."[1] On the date she filed her schedules, Sullivan listed total liquidated, unsecured debts in the amount of $244,612.95.

On or about November 24, 1997, approximately four months after Sullivan filed her bankruptcy petition, the IRS filed its proof of claim for unpaid federal income taxes in the total amount of $297,323.24, including an unsecured priority claim in the amount of $250,023.28 for tax years 1988 to 1995, including interest to petition date, and an unsecured nonpriority claim in the amount of $47,300.06 for penalties, including interest, to petition date. On January 22, 1998, the IRS amended its proof of claim, listing an unsecured priority claim in the amount of $244,897.16, and an unsecured nonpriority claim in the amount of $29,991.49, for a total claim of $274,888.65.

On January 8, 1998, the Chapter 13 Trustee filed a motion to dismiss. The trustee wrote:

> The Debtor's unsecured debt exceeds the jurisdictional amount. The Internal Revenue Service filed its unsecured priority claim in the amount of $250,023.28. The unsecured claims on Schedule F total $20,506.40. Therefore, the total of the unsecured claims is $270,529.68.... The Plan is not feasible and cannot be confirmed.

Doc. 27. The IRS filed a motion to dismiss on May 26, 1998, raising the same grounds for dismissal. Following a hearing on June 2, 1998, the Bankruptcy Judge determined that Sullivan was not eligible for relief under Chapter 13 and accordingly dismissed the case. He later denied Sullivan's motion for reconsideration.

### II.

Sullivan contends that "the scheduled amounts at the time of filing are the amounts which must be considered for eli-

---

1. Effective April 1, 1998, the amount was raised to $269,250.

gibility purposes pursuant to the plain language of 11 U.S.C. § 109 unless there is a showing of bad faith, which was not applicable here." Appellant's Reply Brief at 3. She considers important the fact that she included in her schedules less than $250,-000.00 in unsecured debt based on "what the IRS told her it was owed after an exhaustive analysis performed by an IRS Revenue Officer." *Id.* at 1. Sullivan maintains that dismissal is inappropriate where, as here, a debtor files a Chapter 13 case in reliance on figures provided by a creditor only to learn, some months after filing, that the creditor's post-petition revision of pre-petition liabilities demonstrates Chapter 13 ineligibility.

■ The bankruptcy judge rejected Sullivan's argument that a section 109(e) eligibility inquiry should be restricted to a review of the debtor's schedules filed in good faith. This court likewise rejects that argument. *See, e.g., In re Soderlund,* 236 B.R. 271 (9th Cir. BAP 1999) (rejecting the same argument); *Lucoski v. I.R.S.,* 126 B.R. 332 (S.D.Ind.1991) (explaining that, "even if the schedules reflect the eligibility requirements are met, if it is determined within a reasonable time that the debts exceed the statutory maximums, the case must be dismissed, or the debtor may be given the opportunity to convert to a different proceeding under the Bankruptcy Code"). Section 109(e) limits eligibility based upon what an individual *owes* on the date of the filing of the petition, not on what an individual in good faith thinks he owes on the date of filing; and there is nothing in the statute to suggest that, when a creditor makes an objection to the debtor's eligibility, the court may not look past the debtor's schedules to other evidence of correct figures as of the petition date.

■ On the other hand, this court rejects the IRS's suggestion that the eligibility determination is jurisdictional. The Eleventh Circuit has not yet addressed whether eligibility under section 109(e) is jurisdictional; however, the majority of courts that have addressed the matter have found that Chapter 13 eligibility requirements are not jurisdictional. *See, e.g., Rudd v. Laughlin,* 866 F.2d 1040 (8th Cir.1989); *Promenade Nat'l Bank v. Phillips,* 844 F.2d 230 (5th Cir.1988); *In re Lochamy,* 197 B.R. 384 (Bankr.N.D.Ga. 1995). If not jurisdictional, the question of eligibility under section 109(e) can be waived. *In re Nikoloutsos,* 199 B.R. 624 (Bankr.E.D.Tex.1996); *In re Lochamy,* 197 B.R. at 385. For example, the question of eligibility may be waived if and when a creditor waits an unreasonable length of time to raise the issue before the court.

■ In this case, four months after Sullivan filed her Chapter 13 petition, the IRS filed a proof of claim that revealed noncontingent, liquidated, unsecured debts in excess of the limits for Chapter 13 eligibility. The IRS did not then challenge, nor had it previously challenged, Sullivan's eligibility to seek relief under Chapter 13. Indeed, unlike the Chapter 13 Trustee, who raised the issue soon after the IRS filed its proof of claim, the IRS waited until May 26, 1998, approximately ten months after Sullivan's petition was filed, to challenge Sullivan's eligibility to proceed under Chapter 13, In its motion to dismiss, the IRS did not explain why it waited so long to contest Sullivan's eligibility under section 109(e). At the hearing before the bankruptcy judge, however, counsel for the IRS explained that, after Sullivan filed her objection to the IRS's proof of claim, the parties attempted to resolve the matter informally with the hope that Sullivan's debt could be paid through Chapter 13. When it became apparent that the parties could not settle the matter, and before Sullivan's Chapter 13 Plan was confirmed, the IRS filed its motion to dismiss. Under the circumstances, this court cannot say that the IRS waited an unreasonable amount of time to file its motion, such that it waived its right to challenge Sullivan's eligibility under Chapter 13.

Accordingly, the bankruptcy court's orders are AFFIRMED.