**In re Clayton Samuel NEWMAN, Debtor.**

No. 98–12132–8G3.

United States Bankruptcy Court, M.D. Florida. Tampa Division.

March 5, 2001.

Jamie K. Proctor, Tampa, FL, Anthony J. Comparetto, St. Petersburg, FL, for debtor.

Mark Stier, Trial Attorney, Tax Division, United States Department of Justice, Washington, DC, for United States.

## ORDER ON MOTION TO DISMISS BY UNITED STATES

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came on for preliminary hearing on the Motion to Dismiss by United States filed on August 23, 2000 (Docket # 66). The Motion to Dismiss alleges that Clayton Samuel Newman (the "Debtor") does not qualify as a Chapter 13 debtor under 11 U.S.C. § 109(e) and seeks dismissal of the Debtor's Chapter 13 case.

### Background

The Debtor filed his Chapter 13 petition on July 13, 1998. On Debtor's Schedule E, Creditors Holding Unsecured Priority Claims, the Debtor listed total debts of $117,680.00, including 1993, 1994, 1995 and 1996 personal income tax debts of $104,537.00 and a student loan of $13,143.00. In addition, on the Debtor's Schedule F, Creditors Holding Unsecured Nonpriority Claims, the Debtor listed total debts of $98,846.00. The total amount of unsecured debts listed by the Debtor on his schedules as of the date of filing his petition is $216,526.00. The Debtor has not amended his schedules.

The Internal Revenue Service filed a proof of claim (Claim # 10) on October 28, 1998, in the total amount of $168,399.28. The secured portion of this claim was $6,469.00, the unsecured priority amount was $119,079.36, and the unsecured general amount was $42,850.90. A comparison of the Debtor's scheduled unsecured debt owed to the IRS and the IRS proof of claim shows substantially the same amounts for the taxes due for the years 1993 to 1996. It appears that the lower figures on the Debtor's schedules do not include interest and penalties calculated by the IRS and included in Claim # 10.

The Debtor filed an Objection to Claim No. 10 of the Internal Revenue Service on December 18, 1998, stating "certain factors mitigate against the payment of full prepetition penalties." Following the Response to the Debtor's Objection by the United States and a hearing, an order was entered, overruling Debtor's Objection to Claim No. 10 without prejudice. On April 27, 1999, the Debtor filed an Amended Objection to Claim No. 10 of the Internal Revenue Service, stating "the secured portion of the claim is overstated and the priority portion of the claim is based upon estimated returns rather than the Debtor's tax returns as filed. Further, penalties for failure to timely file returns should be waived because the Debtor suffered from an extended illness which prevented him from filing returns."

The Internal Revenue Service filed three amendments to Claim No. 10. The first amended claim, No. 15, was filed on October 7, 1999, in the total amount of $226,233.48 ($6,469.00 secured; $165,793.05 unsecured priority; and $53,971.43 unsecured general). The second amended claim, No. 17, was filed on April 20, 2000, in the total amount of $232,967.12 ($6,469.00 secured; $170,353.49 unsecured priority; and $56,144.63 unsecured general). The third amended claim, No. 20, was filed on July 10, 2000, in the total amount of $207,849.61 ($8,519.00 secured;

$157,913.79 unsecured priority; and $41,416.82 unsecured general).

The Debtor filed another amended objection to the IRS claim on July 18, 2000 entitled "Renewed Objection to Claim No. 10 of the Internal Revenue Service." This objection states, "Specifically, the Debtor objects to that portion of Claim No. 10 resulting from distribution to the Debtor of funds from an IRA in 1996. The Debtor believes that portion of Claim No. 10 is a penalty, rather the [sic] a tax, and should be paid at twenty (20%) percent."

The Third Amended Objection to Allowance of Claim, filed on August 7, 2000, is the latest and most comprehensive of the objections filed by the Debtor. The reasons set forth in this objection are as follows:

1. The portion of the claim filed as a secured claim is designated as penalties and should be classified as an unsecured claim.

2. The priority classification of the 1994 taxes in the claim is wrong because the taxes were due and owing over three years before the commencement of the case and were not assessed within 240 days of the filing of the petition.

3. A portion of the priority claim is based on the early withdrawal of amounts from a pension plan. This is a penalty and should be treated as a general unsecured claim.

4. The debtor qualified for waiver of penalties due to reasonable cause for failure to timely file his tax returns.

5. There is no documentation to support the claim as filed.

On August 23, 2000, the United States filed a Motion to Dismiss the Debtor's Chapter 13 case, alleging that his unsecured debts exceed the limit set forth in 11 U.S.C. § 109(e). In the Motion and at the hearing, the United States Attorney stated that the Debtor owed noncontingent, liquidated, unsecured debts of approximately $301,623.61 as of the date of the filing of his petition based on the claims register in this case.

## Discussion

Section 109 defines who may be a debtor under the Bankruptcy Code. Section 109(e) provides as follows:

(e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $269,250 ... may be a debtor under chapter 13 of this title.[1]

■ The Debtor's schedules reflect that the eligibility requirements are met. However, even when there has been no allegation of a lack of good faith in the preparation of the Debtor's schedules, the Court can look beyond the schedules to determine whether the Debtor's debts exceed the statutory amounts. *In re Sullivan,* 245 B.R. 416, 418 (N.D.Fla.1999), citing *In re Soderlund,* 236 B.R. 271, 273 (9th Cir. BAP 1999) and *Lucoski v. Internal Revenue Service,* 126 B.R. 332, 340 (S.D.Ind.1991). *Cf. In re Pearson,* 773 F.2d 751 (6th Cir.1985).

The focus of the inquiry is on the phrase "noncontingent, liquidated, unsecured debts of less than $269,250."

■ There is no question that the Debtor's debts are noncontingent.

It is generally agreed that a debt is contingent if it does not become an obligation until the occurrence of a future event, but is noncontingent when all of the events giving rise to liability for the debt occurred prior to the debtor's filing for bankruptcy.

*In re Mazzeo,* 131 F.3d 295, 303 (2d Cir. 1997). All events giving rise to the Debtor's tax liability for the years 1993–1996 occurred prior to the filing of his bankruptcy petition, thus rendering the claim

---

1. On April 1, 1998 the eligibility limit for a Chapter 13 debtor was raised from $250,000 to $269,250 for noncontingent, liquidated unsecured debts. The Debtor's petition was filed on July 13, 1998.

noncontingent. See *In re Mazzeo*, 131 F.3d 295, 303 (2d Cir.1997), *In re Barcal*, 213 B.R. 1008, 1013 (8th Cir. BAP 1997) and the cases cited therein.

■■■ The issue in this case is whether the debts are "liquidated."

The terms "liquidated" and "unliquidated" generally refer to a claim's value (and the size of the corresponding debt) and the ease with which that value can be ascertained.... 'The concept of liquidation for purposes of section 109(e) relates only to the amount of liability not the existence of liability.' ... If 'the value of the claim is easily ascertainable,' it is generally viewed as liquidated.... If that value depends instead on 'a future exercise of discretion, not restricted by specific criteria, the claim is unliquidated.'

*Mazzeo* at 304, citing and quoting *United States v. Verdunn*, 89 F.3d 799, 802 (11th Cir.1996) and *In re Knight*, 55 F.3d 231, 235 (7th Cir.1995). With regard to the term "liquidated" debts in the eligibility criteria for a Chapter 13 debtor, *United States v. Verdunn*, 89 F.3d 799 (11th Cir. 1996), is the guiding case law in this circuit. In *Verdunn* the Court of Appeals held that the debtor's federal income tax liability was a liquidated debt for the purpose of Chapter 13 eligibility limits. A statutory notice of deficiency had been sent by the IRS to Verdunn for tax years 1982–1986, and Verdunn's petition in tax court was pending. In finding that the entire tax liability asserted by the IRS was a liquidated debt to be considered in the debtor's eligibility determination under § 109(e), the Eleventh Circuit supported its decision with three factors: (1) established Internal Revenue Code criteria were used to calculate the tax debt; (2) the tax liability was evident from a document, the statutory notice of deficiency; and (3) the amount of tax deficiency was "easily ascertainable, i.e., it was computed through the application of fixed legal standards set forth in the tax code." *Id.* at 803.

■■ Other recent decisions have concluded that the critical factor in distinguishing liquidated from unliquidated claims is whether the process for determining the claim is fixed, certain, or otherwise determined by a specific standard, even when calculations are time-consuming and difficult. *In re Barcal*, 213 B.R. 1008, 1014 (8th Cir. BAP 1997); *In re McGarry*, 230 B.R. 272, 275 (Bankr.W.D.Pa.1999).

We hold that the key factor in distinguishing liquidated from unliquidated claims is not the extent of the dispute nor the amount of evidence required to establish the claim, but whether the process for determining the claim is fixed, certain, or otherwise determined by a specific standard.

*In re Barcal*, 213 B.R. 1008, 1014 (8th Cir. BAP 1997). Mathematical computation is the basis for a liquidated debt, where opinion, discretion, and exercise of judgment are not relevant for computation of the amount of the debt. *In re Visser*, 232 B.R. 362, 365 (Bankr.N.D.Tex.1999).

■ In this case, the provisions of the Internal Revenue Code that were used to establish the tax liability of the Debtor were the "specific standards" to calculate the debt as of the petition date. Although examination of the Debtor's tax returns over a period of time resulted in the amendment of the IRS proof of claim to a larger amount, this does not mandate the conclusion that the debt was unliquidated. The amount due on the date of the petition was ascertainable with information provided by the Debtor through his tax returns and application of specific standards of the Internal Revenue Code. The objections of the Debtor to the IRS claim do not go to the existence or even to the amount of the tax liability, but dispute the classification of the debt and assert grounds for the waiver of penalties. The lower amounts due the IRS as shown on the Debtor's Schedule E apparently result from the exclusion of interest and penalty amounts. Although the Debtor may be hopeful that grounds exist for the waiver of IRS penal-

ties, the total tax liability including the tax due, interest and penalties is the liquidated amount for purposes of determining Chapter 13 eligibility. The "potential for defenses or counterclaims that might reduce the creditors' actual collection" does not render a debt "unliquidated" or result in a lower amount for eligibility purposes. See *In re Crescenzi*, 69 B.R. 64, 65 (S.D.N.Y. 1986) and the cases cited therein.

The capability was present at the date of filing of the Debtor's petition to determine a federal tax liability owed at that point in time. It is this ability to determine an ascertainable amount on the date of filing of the Debtor's petition with information supplied by the Debtor and specific standards from the Internal Revenue Code that results in the status of a liquidated debt. Thus, the Court finds that the tax liability of the Debtor as set forth in the amended proof of claim is a liquidated debt and therefore the Debtor is ineligible to continue as a Chapter 13 debtor in this case.

■ The Debtor raises several factors that should be discussed in evaluating the Debtor's basic eligibility question. One of the most important is the factor of whether a lack of statutory notice of deficiency in several tax years in this case creates a presumption that the tax liability is not a liquidated debt to be used in the calculation of the Debtor's eligibility. In *Verdunn*, *supra*, the Court made a specific reference to the documentation of the statutory notice of deficiency in support of the holding of a liquidated tax debt (89 F.3d at 803), and the Debtor argues that this is necessary.[2] The question of whether a tax debt is liquidated or unliquidated is not dependent on whether a statutory notice of deficiency has been issued, however. The Court in *Verdunn* considered this as a factor when concluding that the debt was

liquidated. This factor is not indispensable to the concept of a liquidated debt, however, and there are other ways of demonstrating that a tax debt is liquidated. In this case, the IRS had provided the Debtor with a statutory notice of deficiency for one tax year (see transcript of the hearing held September 7, 2000 at page 8), and has filed a proof of claim for all tax years at issue. The proof of claim constitutes "...prima facie evidence of the validity and amount of the claim." Fed.R.Bankr.P. 3001(f). In *In re Sullivan*, 245 B.R. 416 (N.D.Fla.1999), and *In re Sivertsen*, 180 B.R. 513 (Bankr.N.D.Ill.1994), the courts determined that the proofs of claim were sufficient to demonstrate ineligibility of the debtors in Chapter 13 cases as of the dates of the petitions. These are factors to consider in determining whether a debt is liquidated, but their presence or absence is not determinative of the issue.

■ The Debtor asserts that the filing of several amendments to the IRS proof of claim refutes the notion that the debt is "readily ascertainable." Of course, this is a factor which may indicate that the amount of the debt may not be readily ascertainable. However, filing an amended proof of claim does not necessarily create a dispute over such a claim, or result in a change of status from a liquidated debt to an unliquidated debt. See *In re Sullivan*, 245 B.R. 416 (N.D.Fla.1999), and *In re Knize*, 210 B.R. 773, 778 (Bankr.N.D.Ill. 1997). In this case, as discussed, the Court concludes that the debt is liquidated. Further, even based on the unsecured amounts shown by the IRS in the original proof of claim and the Debtor's scheduled unsecured debts on his Schedules E and F, the Debtor is over the eligibility limits of § 109(e) by several thousand dollars.

**2.** The United States attorney argued at the hearing that the automatic stay in the Debtor's bankruptcy case prevented the IRS from issuing a statutory notice of deficiency following the examination of the Debtor's tax returns during the pendency of his bankruptcy

case. However, it appears that 11 U.S.C. § 362(b)(9)(B) provides an exception to the automatic stay for the issuance of a notice of tax deficiency. See *In re Larsen*, 232 B.R. 482, 483 (Bankr.D.Wyo.1998).

■ Another issue relates to the amount of time that has elapsed between the date of filing of the petition and the date of filing of the motion to dismiss by the United States. In considering this factor, courts have considered jurisdictional issues, explanations for the delay, and waivers. See, for example, *In re Sullivan*, 245 B.R. 416 (N.D.Fla.1999). The bankruptcy courts that have looked at this issue appear to rely on whether a plan had already been confirmed, as opposed to the amount of time that had elapsed, in deciding whether to grant the motion to dismiss. See *In re Nicholes*, 184 B.R. 82, 87 (9th Cir. BAP 1995), *In re Elstien*, 238 B.R. 747, 754 (Bankr.N.D.Ill.1999), *In re Setelin*, 218 B.R. 818, 820–21 (Bankr. E.D.Va.1998), and *In re Lamar*, 111 B.R. 327, 330 (D.Nev.1990). In this case, the examination and audit of the Debtor's returns continued after the date of the petition, the parties were conferring post petition to reach a resolution, (see transcript of the hearing held September 7, 2000, at page 11), and the plan has not been confirmed. The Court concludes that it remains appropriate to consider the Motion to Dismiss.

Two cases should be noted which have held that a disputed IRS debt is unliquidated. *United States v. May*, 211 B.R. 991 (M.D.Fla.1997) is an opinion from Judge Sharp which affirmed the bankruptcy court decision to deny the motion to dismiss a Chapter 13 case by the IRS based on the debtors' ineligibility due to an unsecured tax liability of $803,401.76. The tax liability related to an assessment involving interest deductions derived from alleged tax shelter programs. Judge Sharp's decision affirmed the bankruptcy court's determination that the debt was unliquidated. The District Court noted that several tax court cases involving similar interest deducting tax shelter programs resulted in a determination that the taxpayers had no liability to the government. The Court, citing *In re Lambert*, 43 B.R. 913 (Bankr.D.Utah 1984), held that the tax liability "was not certain as to

amount or liability" and thus the debt was not liquidated for § 109(e) purposes. *May*, 211 B.R. at 997.

*In re Lambert*, 43 B.R. 913, 921 (Bankr. D.Utah 1984) is often cited for its holding that a debt for which liability or amount is disputed is unliquidated within the eligibility requirements of § 109(e). *Lambert* includes an extensive discussion of the concepts of liquidated and unliquidated debts, and is sometimes characterized as the minority view. See *In re Knight*, 55 F.3d 231, 235 n. 3 (7th Cir.1995). However, *Lambert* is certainly distinguishable from the case before the court. The disputed debts in *Lambert* involved breach of contract and conversion claims with regard to billboard leases. A lawsuit was pending in state court when the debtors in *Lambert* filed their bankruptcy petition. The bankruptcy court held that the motion to dismiss or convert the Lamberts' Chapter 13 bankruptcy petition should be denied because the debts relating to the billboard leases were unliquidated.

In the case of *In re Elrod*, 178 B.R. 5 (Bankr.N.D.Okl.1995), the IRS filed a proof of claim in the debtors' case in the amount of $648,977.69 unsecured. Of this unsecured amount, $638,281.75 was listed as "estimated liability." The bankruptcy court held that since the amount due was estimated, it must be unliquidated and therefore not counted in determining eligibility. *Id.* at 7.

■ These cases, while instructive in the struggle by courts to resolve the issue of whether a disputed debt is an unliquidated debt, do not help the Debtor in this case to remain eligible in his Chapter 13 proceeding. The dispute in this case as to the exact amount that the Debtor owes the IRS is not determinative as to whether the Debtor's debt to the IRS is liquidated or not. The Debtor's objections to the IRS claim basically go to the waiver of penalties due to "reasonable cause" and the classification of the priority versus general unsecured amounts in the proof of claim. However, the debt itself is a liquidated

debt, and the amended proof of claim is evidence of such amount. The Court must look realistically at the Debtor's financial affairs in a Chapter 13 case. The question comes down to whether the debt is capable of being ascertained at the date of filing of the petition. See *United States v. Dallas*, 157 B.R. 912, 913 (S.D.Ala.1993) and *In re Hendricks*, 250 B.R. 415, 419 (Bankr. M.D.Fla.2000). This debt, as evidenced by the proof of claim filed by the IRS, is valid and is of such an amount that renders the Debtor ineligible for Chapter 13 relief.

The Motion to Dismiss the Debtor's Chapter 13 case should be granted.

Accordingly;

**IT IS ORDERED** that:

1. The Motion by the United States to Dismiss the Debtor's Chapter 13 case is granted.

2. This case is dismissed.