**In re GREW, Carla Michelle–Lynne, Debtor.**

**No. 01–06976–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

May 8, 2002.

Christian Felden, Naples, FL, for debtor.

Thomas S. Heidkamp, Ft. Myers, FL, trustee.

*ORDER ON MOTION TO CONVERT CHAPTER 7 CASE TO A CHAPTER 13 CASE AND ON OBJECTION TO DEBTOR'S MOTION TO CONVERT CHAPTER 7 CASE TO A CHAPTER 13 CASE*

(Doc. Nos. 26 & 27)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

The matters under consideration are a Motion by Carla Michelle–Lynne Grew (Debtor) for conversion of her original Chapter 7 Case to a Chapter 13 case and a challenge by Thomas S. Heidkamp (Trustee) to the Debtor's right to convert. It is the Trustee's contention that based on the Schedules filed by the Debtor, she is not eligible for relief under Chapter 13 by virtue of 11 U.S.C. § 109(e) because the Debtor's non-contingent, liquidated unsecured debts equal 498,009.30, which is far in excess of the statutory cap of $269,250.00 for relief under Chapter 13.

In addition, the Trustee contends that the Plan proposed by the Debtor will not pay creditors as much as they would receive in a Chapter 7 case. This contention is based on the allegation that there is a pending Objection to her claim of exemption, there are potential fraudulent transfers, and if either of them succeeds, the recovery would certainly give the creditors more than they would receive under the Plan. The Trustee also contends that the Debtor sought conversion in bad faith.

It is appropriate to note, at the outset, that the challenge of the right of the Debtor to convert is not by a creditor of the Debtor, but by the Trustee appointed in the Chapter 7 case, who holds no allowable pre-petition claim against the Debtor. The events relevant to the matters under consideration as appear from the record are as follows.

The Debtor filed her Petition for Relief under Chapter 7 on April 18, 2001. The Petition was signed by Richard Johnston, Jr., as counsel of record for the Debtor. The Petition was accompanied by the documents required by F.R.B.P. 1007. The Schedule F listed a total of $498,009.30, as creditors holding unsecured non-priority claims.

Out of the total of forty-eight unsecured claims scheduled, twenty-four were scheduled as amounts unknown and one with amount of $00.00. Four claims were filed as disputed. Three out of the forty-eight were scheduled as a debt in the amount of $159,000, owed to Mark Hopper, James Jamo, and Wilber and Mollie Henderson, all three described as "Legal Fees/Sanctions." Mr. and Mrs. Henderson, according the Statement of Financial Affairs, were plaintiffs suing the Debtor in Jackson, Michigan, and Messieurs Hopper and Jamo were the attorneys representing the Hendersons in that litigation. Mr. and Mrs. Henderson filed two unsecured proofs of claim one in the amount of $157,178.83 and the other in the amount of $4,101.98, although the later was not timely filed. Neither Messieurs Hopper nor Jamo filed a proof of claim.

On June 29, 2001, the Trustee filed its Report of Assets and an Application to send an asset notice. On July 2, 2001, the creditors were notified by the Court that fixed October 1, 2001 as the bar date for filing claims. The total unsecured claims actually timely filed is in the amount of $196,801.82. Thus, it appears that the same debt was scheduled by the Debtor three times, evidently representing attorneys' fees incurred by the Henderson litigation in Michigan with the Debtor.

The right of the Debtor to convert a Chapter 7 case to a Chapter 13 case is governed by 11 U.S.C. § 706 which provides as follows:

The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

It should be noted at the outset that while the issue of standing of the Trustee was not raised initially, but later, this Court is satisfied that based on the fact the Chapter 7 Trustee has a potential administrative claim under Section 503 of the Code, he has standing to challenge the Debtor's right to convert.

It is beyond peradventure with the enactment of Chapter 13, that Congress intended to extend the scope of the relief provisions for individuals and made it more accessible, attractive, and easier for individuals to work out repayment plans. It is equally true that it also placed a statutory cap on eligibility with the enactment of Section 109(e) of the Code.

This requirement indicates a Congressional intent to limit the benefits of Chapter 13 and use the language that is somewhat in the form of a jurisdictional requirement. *In re Pearson*, 773 F.2d 751 (6th Cir.1985). The legislative history of this Section fails to furnish any help in determining the appropriate standard and procedure to be used in determining a debtor's eligibility for relief under Chapter 13 when the eligibility is challenged. It is not surprising that there is no consensus as to what the court should consider when determining a debtor's eligibility and what is the controlling date for the determination. In the case of *In re Pearson, supra,* the Sixth Circuit held that in determining eligibility, the court should rely primarily on the debtor's Schedules, checking only to determine that the Schedules were prepared in good faith and the require-ment was intended to be determined based on the debts as existed on the date of the filing.

The Ninth Circuit B.A.P. appeared to endorse the standard adopted by the Sixth Circuit in *In re Pearson, supra,* but qualified its endorsement by adding that "bankruptcy court should look past the Schedules to other evidence submitted when a good faith of the debtor is challenged." *In re Scovis,* 231 B.R. 336, 341 (9th Cir. BAP 2000) *quoting In re Quintana,* 107 B.R. 234, 239 n. 6 (9th Cir. BAP 1989), *aff'd,* 915 F.2d 513 (9th Cir.1990). *Scovis* was subsequently appealed by the debtors in that case, which was reversed by the Ninth Circuit in *In re Scovis,* 249 F.3d 975 (9th Cir.2001). In *In re Soderlund,* 236 B.R. 271, the Ninth Circuit B.A.P. held that the bankruptcy court did not err in making the determination of the debtor's eligibility by looking behind the debtor's schedules and considering the allowed unsecured claims on file. The Ninth Circuit in *In re Scovis, supra* rejected the B.A.P.'s extension of the standard established by *Pearson* and reversed stating that the rule for determining the eligibility should be normally determined by the original Schedules by the debtor checking only if the Schedules were made in good faith.

Some bankruptcy courts have arrived at a totally opposite standard from the Ninth Circuit and have held that in determining the debtor's eligibility, the court is not restricted only to review the Schedules but may consider matters outside of the Schedules, even in the absence of any showing of lack of good faith by the debtor in filing the schedules. *In re Sullivan,* 245 B.R. 416 (N.D.Fla.1999); *In re Lucoski,* 126 B.R. 332 (S.D.Ind.1991).

 In the present instance, it is without any dispute that the Schedule F of the Debtor stated the total of unsecured debts of $498,009.00, or far in excess of the cur-

rent statutory cap of $269,250. As noted earlier, this is a Chapter 7 case, which the Debtor seeks to convert to Chapter 13. It is well established that the controlling time which governs eligibility is when the Petition is filed and not what may have happened after the filing. *In re Pearson, supra.* Thus, it is clear that under *Pearson,* the Debtor is not eligible for relief as a Chapter 13 debtor unless this Court finds that the Schedules were not filed in good faith.

There is no allegation in this case, let alone any proof, that the Schedules were filed in bad faith. The only allegation by the Trustee is that the Debtor sought the conversion in bad faith and this is not the same as filing Schedules in bad faith. The fact that the total claims actually filed are below the statutory cap is of no consequence, even if it is appropriate fact for consideration. It is a well-known fact that frequently, numerous creditors fail to file claims, especially in a Chapter 7 case, which originally was noticed pursuant to F.R.B.P. 2002(e) as a no dividend case. Lastly, the debt for the debt to Messieurs Hopper and Jamo are scheduled in the same amount of the debt owed to Mr. and Mrs. Henderson is equally without significance. While facially they appear to be duplicates, this is not necessarily so and may very well represent a joint liability by the Debtor to all three. *See In re Correa,* 15 B.R. 195 (Bankr.D.Md.1981).

In sum, this Court is satisfied that the Debtor is not eligible for relief under Chapter 13 and the Trustee's objection to the Debtor's motion is well taken and should be sustained. There is nothing in this record which would warrant a contrary finding.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion to Convert from Chapter 7 to Chapter 13 (Doc.

No. 26) be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Objection (Doc. No. 27) interposed by the Trustee, be and the same is hereby, sustained.