In re Edward Carl STEFFENS, and
Diane Buttram Steffens,
Debtors.

No. 9:05BK00320–ALP.

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

Sept. 14, 2005.

Ivan J. Reich, Becker & Poliakoff, P.A., Ft. Lauderdale, FL, for Pelican National Bank.

## ORDER ON MOTION TO DISMISS AND MOTION FOR PARTIAL SUMMARY JUDGMENT

(Doc. No. 62, 78)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

This is a yet-to-be-confirmed Chapter 13 case of Edward Carl Steffens and Diane Buttram Steffens (Debtors). The matters under consideration are (1) Creditor, Pelican National Bank's Motion to Dismiss Debtors' Chapter 13 Case as Non–Qualified Debtors as Per 11 U.S.C. §§ 104 & 109(e) (Doc. No. 62) filed by Pelican National Bank (Creditor) and (2) Defendants' Motion for Partial Summary Judgment (Doc. No. 78) filed by the Debtors.

The underlying facts governing this controversy are undisputed and can be summarized as follows.

On January 6, 2005, the Debtors filed a Voluntary Petition for Chapter 13 Reorganization. In Schedule F, the Debtors listed a total of $251,335.91 in unsecured nonpriority claims. Based on the schedule, the Debtors contend that they are eligible to be Chapter 13 debtors because they fall below the statutory maximum of

$307,675.00 in noncontingent, liquidated, unsecured debts, as set forth in 11 U.S.C. §§ 104 & 109(e).

It further appears that by May 18, 2005, there were a total of fourteen unsecured claims filed in this case. Creditor Pelican National Bank filed five proofs of claims. Upon review of the proofs, it appears that three are duplicates, leaving one unsecured claim for $111,333.83 and one for $112,675.98, totaling $224,009.81. In addition, in each claim, the Creditor asserts entitlement to interest and attorneys' fees. The claims for interest and attorneys' fees are not allowed and are not included in the calculation of the total unsecured claims. Notwithstanding, the total unsecured claims equal $308,471.95.

The immediate matter before this Court is Creditor's contention that Debtors do not qualify as Chapter 13 debtors because their unsecured claims exceed the statutory limit of $307,675.00. In support of its contention, Creditor argues that the Court should not limit its review to just the schedules in determining whether Debtors are eligible to be Chapter 13 debtors.

■ It is the Debtors' contention that absent a showing of lack of good faith, the Court should limit its review to the schedule to determine Chapter 13 debtor eligibility. The Debtors argue that at the time of filing, the Debtors, in good faith, submitted a schedule of unsecured debts that totaled $251,335.91 which fell below the statutory maximum.

This issue has been litigated before with differing results. Some Circuits hold that the Bankruptcy Court can only review the schedules in determining Chapter 13 debtor eligibility absent a showing of lack of good faith. In *Scovis v. Henrichsen*, 249 F.3d 975 (9th Cir.2001), the court held that Chapter 13 eligibility should normally be determined by reviewing the filed schedules, checking only to see if they were filed

in good faith (citing *In re Pearson*, 773 F.2d 751, 756 (6th Cir.1985)).

On the other hand, the decision in *U.S. v. Verdunn*, 89 F.3d 799 (11th Cir.1996) implies that courts may look outside of the schedules in determining eligibility. While the *Verdunn* court did not specifically address this issue, the 11th Circuit did review a proof of claim to determine that a noncontingent, liquidated, unsecured claim from the Internal Revenue Service should be included in computing total unsecured claims to determine Chapter 13 debtor eligibility. *Id.* at 803.

■ This Court is also persuaded by two decisions in the 11th Circuit that directly addressed this issue. In *In re Newman*, 259 B.R. 914, 917 (Bkrtcy.M.D.Fla. 2001), the court held that even when there has been no showing of lack of good faith, it can look beyond the schedules in determining Chapter 13 debtor eligibility, and in *In re Sullivan*, 245 B.R. 416, 418 (N.D.Fla.1999), the court concluded that Section 109(e) was based on what an individual owed on the date of filing, not what the individual in good faith thought he owed.

Based on the fact that the total amount of the proofs of claims exceeds the statutory maximum, this Court holds that the Debtors are ineligible to be Chapter 13 debtors.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that Creditor, Pelican National Bank's Motion to Dismiss Debtors' Chapter 13 Case as Non–Qualified Debtors as Per 11 U.S.C. §§ 104 & 109(e) (Doc. No. 62) is granted and the Chapter 13 case of Edward Carl Steffens and Diane Buttram Steffens be, and the same is hereby, dismissed without prejudice. It is further

ORDERED, ADJUDGED AND DE-CREED that Debtors' Motion for Partial Summary Judgment (Doc. No. 78) be, and the same is hereby, denied.

DONE AND ORDERED.